## BLACKWELL OIL & GAS CO. v. WHITESIDES.

No. 7902—Opinion Filed Sept. 5, 1918.

(174 Pac. 573.)

(Syllabus.)

1. **Oil and Gas—Lease—Suit to Forfeit—Jurisdiction.**

A court of equity has jurisdiction to decree the forefeiture of an oil and gas lease on account of the breach of an implied covenant to diligently operate and develop the property, when such forfeiture will effectuate justice, and the lessor is not limited to an action for damags because of such breach, where the measure thereof is uncertain, vague, and indefinite.

2. **Same—Lease—Cancellation.**

The same relief will be applied in equity for the cancellation of an oil and gas lease on land in a gas field, where the initial well drilled on the plaintiff's premises produced gas only and the payment for the gas was the stipulated sum of $50 per annum for each well.

3. **Pleading—Demurrer—Pleading Good in Part.**

Where a general demurrer is filed to a petition as a whole, if any paragraph of the

pleading is good, and states a cause of action, the demurrer should be overruled.

**4. Appeal and Error—Review—Sufficiency of Evidence.**

In an action to cancel an oil and gas lease for failure to diligently operate and develop the property, the trial court found that the leased premises were not being sufficiently operated and developed. The judgment will not be disturbed by the Supreme Court on the ground of the insufficiency of the evidence, since it is not clearly against the weight of the evidence.

**5. Appeal and Error—Review.**

. The judgment in favor of the plaintiff in an action to cancel an oil and gas lease for failure to operate and develop was, in effect, that the defendant would be required to drill two additional wells or pay $50 per annum each in lieu of the drilling of said wells, and that if neither of these things were done that the lease be canceled. Is its answer filed in the cause, and in the opening statement of its counsel, defendant offered to abide by the decision of the court as to the amount of development that should be made on the lease. Held, that the judgment rendered, if erroneous, was in the defendant's favor, that it invited the same and was not prejudiced thereby.

Miley, J., dissenting.

Error from District Court, Kay County; Wm. M. Bowles, Judge.

Action by J. R. Whitesides against the Blackwell Oil & Gas Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Dale & Bierer and H. S. Gurley, for plaintiff in error.

W. S. Cline and O. Robert Bellatti, for defendant in error.

RAINEY, J. This action was commenced in the district court of Kay county, by the defendant in error, hereinafter called the plaintiff, against the plaintiff in error, hereinafter called the defendant, to cancel an oil and gas lease upon a quarter section of land in Kay county, Okla., for failure to develop the land for oil and gas. The lease was originally made to the Union Gas & Oil Company, a corporation, and by it assigned to the defendant. The trial court entered a judgment requiring the defendant to drill two additional wells upon the land in controversy, or to pay to the plaintiff the sum of $50 per annum as royalty upon such contemplated wells, in lieu of the actual drilling thereof. The judgment further provided, in effect, that if the defendant did not either drill the two additional wells or pay the

$50 per annum as royalty in lieu thereof that the lease be canceled. The defendants motion for a new trial was overruled, and it has brought the case here to reverse the judgment of the district court.

Counsel for defendant have assigned as error the overruling of their general demurrer to the plaintiff's petition, and in support of this assignment of error contend, first, that the petition was insufficient, for the reason that the remedy of the plaintiff for a breach by the defendant of the implied conditions in the lease to fully develop the land for oil and gas purposes is an action for damages for the amount which would be due the plaintiff as royalties, had the land been fully developed; and. second, for the reason that the petition does not state facts showing that the land had not been fully developed.

The question presented by the first proposition was before this court in the case of Indiana Oil, Gas & Development Co. v. McCrory et al., 42 Okla. 136, 140 Pac. 610, wherein the court in an opinion by Mr. Commissioner Galbraith, stated that the reason and weight of the argument in support of the line of authorities that courts of equity will cancel oil and gas leases for breach of the implied covenants to skilfully operate and develop the leased premises, met the approval of this court, for the reasons given by Mr. Justice Van Devanter, in the case of Brewster v. Lanyon Zinc Co., 140 Fed. 801, 77 C. C. A. 213. These reasons will not be set out in this opinion, since they are incorporated in the opinion prepared by Commissioner Galbraith.

Counsel for the defendant, however, contend that the rule adopted by this court is not applicable to the instant case, for the reason that the pleadings show that the well drilled on plaintiff's land produced gas only, and that since the lease provided for a stipulated royalty of $50 per annum for each gas well that the damages suffered by the plaintiff, if any, were ascertainable with reasonable certainty. It is urged that the testimony of witnesses of experience, acquainted with the gas field, could be readily adduced to establish with reasonably accuracy the number of wells necessary to sufficiently develop the leased premises by obtaining the gas underneath the land covered by the lease and protecting the same from drainage by development of contiguous properties, and if the lessor were awarded the sum of $50 per year for each well adjudged to be necessary to develop the property from

the time it should have been drilled that he would be adequately compensated in damages. It is further contended that in cases like the one under consideration the burden is upon the plaintiff to show by proper evidence that such damages could not be ascertained with any reasonable certainty before the plaintiff would be entitled to a cancellation of the lease. In support of this proposition counsel cited the case of Howerton v. Kansas Natural Gas Co., 82 Kan. 367, 108 Pac. 813, 34 L. R. A. (N. S.) 46. That case seems to support the position taken by counsel, but the case was decided by a divided court. A very strong dissenting opinion, containing convincing argument to the contrary, was filed by Mr. Justice Benson, whose views, as therein expressed, meet with our approval.

We are unable to perceive any substantial reason why the same equitable principles should not be applied to a condition where the one well drilled on the leased premises produced gas only as to a condition where the initial development produced oil, or oil and gas, even though the royalty for gas provided for in the lease is a stipulated sum per annum for each well. Conceding, for the sake of argument, that the number of wells necessary to be drilled to properly develop the property could be determined, we do not think that witnesses could be procured who could testify with any degree of certainty as to the number of years that such wells would continue to produce gas in paying quantities. It appears from the evidence in this case that it would be a matter of pure speculation as to how long the wells would produce, or the quantity they would produce for any given length of time. Neither do we think the length of time the contemplated gas wells would produce could be ascertained with any reasonable degree of certainty by comparison with gas wells on neighboring lands, for it is a well-known fact that the production of oil or gas in the same field, and even from the same lease, greatly varies. It therefore seems to us that the amount of damages to which the lessor would be entitled would be so vague and speculative as to be practically indeterminable. Certainly the lessor should not be required, before seeking relief for nondevelopment, to sit idly by and wait until the history of gas development in the field where the leased premises are situated is closed. Under such circumstances equity affords the only adequate remedy for relief, and the lessee should be required to reasonably and fairly develop the land, or surrender the

lease. Gadbury et al. v. Ohio & Indiana Consolidated Natural & Illuminating Gas Co., 162 Ind. 9, 67 N. E. 259, 62 L. R. A. 895; Brewster v. Lanyon Zinc Co., supra.

While the petition is subject to criticism for not clearly stating the facts showing that plaintiff's land has not been fully developed, still we think it is sufficient to withstand a general demurrer. The lease, which was attached to the plaintiff's petition, provided, and it was so charged in the petition, that the defendant would pay the plaintiff for each gas well produced the sum of $50 per annum, payable quarterly, in advance, at the First National Bank, Blackwell, Okla., and it was also provided in the lease, in effect, that noncompliance with any of the conditions therein would work a forfeiture of the same. The petition also alleged that the defendant had not paid the $50 per year for the gas well drilled on the land. With reference to the failure to properly develop the land, the petition is as follows:

"The plaintiff further charges: That in the leasing of said land and by the terms and conditions of said lease it is contemplated therein that the defendant, the Union Gas & Oil Company, a corporation, would develop the said land for oil and gas and other mineral products that may be found by digging, drilling, or mining on said place, and that the said defendants have failed, neglected, and refused to develop said land other than to put down the single well herein mentioned. That by reason of the failure on the part of the defendant, the Union Gas & Oil Company, to pay the royalties provided in said contract and develop said land as contemplated by said contract the said defendant the Union Gas & Oil Company have forfeited said lease."

While there is not any direct allegation in the petition that the one well drilled was insufficient to properly develop the plaintiff's land, we think that such is the fair import of the language above quoted. The averments of the petition as to the failure to pay the royalties due for the one well drilled are sufficient, and it is well settled in this jurisdiction that a general demurrer to a petition must be overruled, if any paragraph thereof states a cause of action. Coody v. Coody et al., 39 Okla. 719, 136 Pac. 754, L. R. A. 1915E, 465.

The remaining assignments of error complain of the action of the trial court in overruling defendant's demurrer to plaintiff's evidence, and that the evidence is not sufficient to support the judgment. It would serve no useful purpose for us to review the

evidence, which is rather voluminous. The case is one of purely equitable cognizance, and we have therefore read and weighed the evidence, and are of the opinion that the decree of the trial court is not only against the weight of the evidence, but, in our opinion, the evidence preponderates in favor of the plaintiff. Schock et al. v. Fish, 45 Okla. 12, 144 Pac. 584; Barnard v. Bilby, 68 Okla. 63, 171 Pac. 444.

And there is another reason why we do not think the judgment of the trial court should be reversed. Under the decree the defendant was given the option of drilling, paying in lieu of drilling, or suffering the lease to be canceled; the judgment in this respect being as follows:

"It is therefore by the court considered, ordered, adjudged, and decreed that the defendant, Blackwell Oil & Gas Company, shall within 90 days from this date, or the date on which mandate shall be returned from the Supreme Court, if appealed and this judgment stayed, begin another natural gas well on said land, or, on failure so to do, shall pay the plaintiff a royalty of $50 per annum therefor, as for a well of gas from which any product is taken having any commercial value under the terms of said lease, and that if said gas well shall be drilled and shall produce gas in paying quantities, then the defendant shall, within one year hereof, or the date at which mandate is returned to this court in this cause, if appealed and this judgment stayed, drilled another gas well on said land, or, in lieu thereof, pay to the plaintiff a royalty of $50 per annum therefrom, under the terms of said lease, as for a well from which any product is taken having commercial value—it being the intention of this decree that the defendant shall drill said well or wells, as the same may be, at its option, or pay the royalty as above provided, to the plaintiff, without such expense of drilling. And it is further decreed that in the event the defendant, Blackwell Oil & Gas Company, shall fail to do such drilling of a well or wells, or to pay, on demand, the royalty or royalties in lieu therefor, then the oil and gas lease held by the defendant, Blackwell Oil & Gas Company. * * * shall be and stand canceled."

We do not see how the defendant is in a position to complain of the judgment rendered, for the reason that it invited it in its pleadings and by the following offer, made in the opening statement of its counsel:

"These parties don't say how many wells they demand how many wells they should have had; that is a matter of determination of the court. They say we are bound here to a reasonable development Now. that reasonable development is a matter of judicial determination; we offer in our pleadings and we offer and tender now to abide by the decision of the court as to the amount of development that should be made on this lease. * * * We offer to make any development on this land within a reasonable time as the court may order and deem just and proper under all the circumstances."

The offer to develop, as found in the defendant's answer, is as follows:

"And this defendant here and now offers to develop wells or as many wells on said land as the court shall hold, upon a trial hereof, this plaintiff is entitled to, on a reasonable consideration of the rights of plaintiff and of the rights of this defendant, under the terms and conditions of said lease and any implied or attendant conditions which under the law may pertain thereto, although not actually implied therein."

If it were error for the court to render such a judgment, it was error in favor of the defendant. Chicago, R. I. & P. Ry. Co. v. Morton, 57 Okla. 711, 157 Pac. 917.

For the reasons stated, the judgment is affirmed.

All the Justices concur, except MILEY, J., dissenting, and KANE, J., not participating.