## NEW STATE OIL & GAS CO. v. DUNN et al.

No. 8716—Opinion Filed July 8, 1919.

(Syllabus by the Court.)

### 1. Oil and Gas—Lease—Construction.

Oil and gas leases are construed strongly against the lessee and in favor of the lessor.

### 2. Same—Promotion of Development.

Ordinarily oil and gas leases are executed for the purpose of exploring and operating for oil and gas, and where its terms will permit it, under the rules of law, such lease will be construed so as to promote development and prevent delay and unproductiveness.

### 3. Same—Implied Covenant.

Without an express covenant in an oil and gas lease to develop within a certain period, the law will imply a covenant to develop within a reasonable time in view of the surrounding circumstances, and forfeiture may be declared for failure to so develop.

### 4. Same—Completion of Well—Forfeiture.

Where an oil and gas lease for ten years, and as much longer as oil and gas may be found in paying quantities, contains an express covenant to complete a well within two years, and without provision to pay for delay, failure of lessee to comply with such express covenant amounts to abandonment, and renders the lease forfeitable at the option of the lessor or his grantee.

Error from Superior Court, Tulsa County; M. A. Breckinridge, Judge.

Action to quiet title by R. A. Dunn and

others against the New State Oil & Gas Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

L. V. Orton and E. R. McNeill, for plaintiff in error.

West, Sherman, Davidson & Moore, for defendants in error.

OWEN, C. J. This action was brought by Dunn and his lessees, defendants in error, to quiet title and cancel an oil and gas lease. Plaintiff in error claims under a lease executed by Barber, the original allottee, in January, 1908. Dunn purchased the land from Barber in February, 1910. Defendants in error entered and developed the premises for oil and gas under a lease executed by Dunn in July, 1912. The New State Oil Company did not attempt to take possession or to develop under its lease until after oil had been produced in paying quantities by defendants in error. And this action was brought to quiet title and to cancel the lease under which the claim was then asserted.

The lease in question, executed on the 27th day of January, 1908, was for a term of ten years, and as much longer as oil or gas might be found in paying quantities. The consideration recited in the lease was $15,-000 in shares, and the covenants and agreements on the part of the lessee, it appearing the shares referred to stock in the New State Oil Company. One of the covenants was to complete a well on the premises within two years from the date of the lease. The lease was executed on a form commonly known as the "or lease," but the usual provision for payment in event completion of the well was delayed was left blank, and plaintiff in error offered proof to the effect there was to be no further payment in addition to the shares delivered to the lessor when the lease was executed.

The question presented is whether the New State Oil Company abandoned the lease by failing to complete a well within the time specified, thereby rendering the lease forfeitable at the option of Dunn, the owner of the land.

Plaintiff in error takes the position that the initial payment of shares supports the lease for the entire period of ten years, and no further payments being contemplated, and there being no forfeiture clause, the failure to drill or begin operations for development did not amount to an abandonment, and such lessee had the full period of ten years to complete the well.

It is not contended the shares were, in fact, worth $15,000, but it is not necessary to determine what the exact value was in the view we take of the case. The express covenant to complete a well within the specified time was a material portion of the consideration moving from lessee to the lessor. To say the lessee had ten years in which to complete a well, there being no provision to pay for delay, is to render this express covenant meaningless.

Oil and gas leases in this jurisdiction are construed strongly against the lessee and in favor of the lessor. Superior Oil Co. v. Mehlin, 25 Okla. 809, 108 Pac. 545, 138 Am. St. Rep. 942; Shaffer v. Marks (D. C.) 241 Fed. 139. While it is true, as urged by plaintiff in error, that Dunn took the land from the original lessor subject to whatever rights plaintiff in error had under its lease, he took also the right to declare a forfeiture under conditions that would have entitled the original lessor to declare such forfeiture.

Ordinarily oil and gas leases are executed for the purpose of exploring and operating for oil and gas, and when its terms will permit it, under the rules of law, such lease will be construed so as to promote development and prevent delay and unproductiveness. Paraffine Oil Co. v. Cruce, 63 Oklahoma, 162, Pac. 716; Parish Fork Oil Co. v. Bridgewater Gas Co., 51 W. Va. 583, 42 S. E. 655, 59 L. R. A. 566.

Without an express covenant to develop within a certain period, it has been held the law will imply a covenant to develop within a reasonable time, and forfeiture may be declared for failure to so develop. Blackwell O. & G. Co. v. Whitesides, 71 Oklahoma, 174 Pac. 573; Ind. O., G. & D. Co. v. McCory, 42 Okla. 136, 140 Pac. 610; Brewster v. Lanyon Zinc. Co., 140 Fed. 801, 72 C. C. A. 213.

In the case of Melton v. Cherokee Oil & Gas Co., 67 Oklahoma, 170 Pac. 691, where an oil and gas lease contained a stipulation on the part of the lessee to commence operation within a year or pay for delay, it was held failure to do either rendered the lease forfeitable at the choice of the lessor. In the case of N. W. Oil & Gas Co. v. Branine, 71 Oklahoma, 175 Pac. 533, it was said:

"Also, if there had been no agreement to delay drilling beyond a period of one year, then the court might say that unless the premises were developed within that period the lease might be terminated."

In that case there was an express covenant that the lessee might postpone development on payment of a certain sum of money. In the instant case there was no provision for delay. The express covenant provided for completion of a well within two years, and upon failure of the lessee to comply with the covenant lessor had a right to

declare forfeiture. Munroe v. Armstrong, 96 Pa. 307.

The rule announced in Rich v. Doneghey, 71 Oklahoma, 177 Pac. 86, urged by plaintiff in error, has no application. In that case the question presented was whether the initial payment supported the stipulation permitting the lessee to surrender the lease upon payment of a specified sum. In other words, whether the surrender clause rendered the lease unilateral and voidable on the part of the lessor. That question is not presented in this case.

The judgment of the lower court is affirmed.

KANE, RAINEY, HARRISON, and JOHNSON, JJ., concur.