## FARMERS MUTUAL OIL LEASING CO. et al. v. BONNEAU et ux.

No. 14788—Opinion Filed June 2, 1925.

### 1. Oil and Gas—Leases—Implied Covenant to Develop—Enforcement by Lessor.

A condition may affect premises leased for oil and gas developments which will give effect to an implied covenant on the part of the lessee to drill for the minerals, although the lease may not stipulate the time in which the lessee should commence development. But the lessor of an oil and gas lease is not authorized to maintain an action to cancel the lease for the alleged forfeiture of an implied covenant to develop the prem-

ises, unless the plaintiff first calls upon the lessee to fulfill the requirements of the implied covenant.

### 2. Appeal and Error — Review of Equity Case—Sufficiency of Evidence.

This court will weigh the evidence in a case of purely equitable cognizance, but will not reverse the same, unless it be clearly against the weight of the evidence.

### 3. Same — Judgment Canceling Oil Lease Not Sustained.

Record examined; held, that the judgment in favor of the plaintiffs is against the clear weight of the evidence.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Beckham County; Arthur G. Sutton, Judge.

Action by W. H. Bonneau et ux. against the Farmers Mutual Oil Leasing Co. et al. to cancel an oil and gas lease. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Rittenhouse & Rittenhouse and James W. Cosgrove, for plaintiffs in error.

D. W. Tracey, for defendants in error.

Opinion by STEPHENSON, C. W. H. Bonneau and wife executed and delivered their oil and gas lease to the Farmers Mutual Oil Leasing Company about November 30, 1917, covering lands situated in Beckham county. The lessee assigned interests in the leased premises to W. C. Beasley, the Mid-Continent Oil Leasing Company and the Concord Oil Company. The lease granted a term of ten years in which to prospect for oil and gas upon the premises and develop the same. The lease did not stipulate any period of time in which the lessee should commence the development of the premises. It appears that the premises leased were within what is known as "wildcat territory." The lessee and its assigns had not commenced the drilling of the premises, and the plaintiffs commenced their action against the defendants about August 11, 1922, for the cancellation of the lease on account of the failure of the defendants to drill for the minerals described by the lease. The plaintiffs did not serve notice upon the defendants to commence drilling operations on the premises before the commencement of the action.

The plaintiffs alleged that the lessee practiced fraud upon them in the procurement of the lease, and that they would not have executed and delivered the lease. except for the fraudulent representations made to them

by the agents and officers of the Farmers Mutual Oil Leasing Company. The trial of the cause resulted in judgment for canceling the lease, and the defendants have appealed the cause. The defendants assign error as follows: (1) That the judgment of cancellation is contrary to law. (2) That the judgment is contrary to the evidence.

The findings of law reached by the trial court make it unnecessary to recite the particular grounds of fraud upon which the plaintiffs relied for the cancellation of the lease. The findings of law as made by the court are in the following language:

"The court, therefore, concludes that as the plaintiffs did not rely on the false and fraudulent representations and as the evidence does not show that they would not have executed the contract had they known the said representations to have been false and fraudulent, and as the assignees had no knowledge or notice of such false and fraudulent representations, they were innocent purchasers, and that the said lease cannot be set aside on account of such false and fraudulent representations; that as the said lease is silent as to when operations hereunder shall be begun, and contains no provision for delay, the law implies a condition on the part of the lessee for diligent exploration, development and operation in good faith; that as no exploration or operation has been made or begun, a reasonable time has elapsed since the making of the lease for the commencement of the same, and that the holders of the said lease have, as a matter of law, therefore, abandoned the same, and that the same should accordingly be set aside."

The court found as a question of law that the defendants had breached an implied covenant to drill the premises for oil and gas. The lease yet had five years to run when this action for cancellation was commenced. The parties to the lease did not stipulate the time in which drilling operations should be commenced. The duty of the lessee and its assigns to commence drilling operations under the terms of the lease must rest upon an implied covenant. The effect of the findings of law, as made by the court, is to construe the terms of the lease to mean that the lessee was required to commence development at some time prior to August 11, 1922. The requirement to commence drilling operations within any period of time is not found by the express terms of the lease. The requirement to drill. if it existed prior to August 11, 1922, must rest upon some implied covenant.

An oil and gas lease contract should be construed in relation to the situation of the parties. the subject-matter, the purposes of the contract, as manifested by the express provisions of the contract, and the situation of the parties These rules would apply in the construction of any written contract. The rules generally applicable to the construction of written contracts, apply to the construction of an oil and gas lease. Gypsy Oil Co. v. Ponder. 92 Okla. 181, 218 Pac. 663.

A condition may affect the rights of a lessor, who leases his premises for oil and gas development, which will give effect to an implied covenant upon the part of the lessee to commence drilling operations, although the written terms of the lease may not specify the time in which the lessee, or his assigns, should commence drilling for the minerals described by the lease. But the lessor is not authorized to commence his action against the lessee for the cancellation of the lease on the ground that the defendant has breached an implied covenant to drill the premises, unless the plaintiff first calls upon the lessee to perform the conditions of the implied covenant. We do not understand that the law requires any particular form of notice to be served upon the lessee. What may constitute notice from the lessor to the lessee, or his assigns, will be controlled principally by the facts in each case, and the law applicable thereto. The premises covered by the lease involved in this case were situated in undeveloped territory. The premises were not being drained by producing wells on adjoining land. The record does not show that there were any producing wells in the immediate vicinity of the lands covered by the lease. We think that the condition affecting the lease involved in this case required the lessor to serve notice upon the lessee of his intention to commence an action to cancel the lease, unless the lessee or its assigns commence drilling operations. The record does not disclose that the lessor gave notice of his intention's to cancel the lease for failure to develop the premises, either to the lessee, or its assigns. The judgment of cancellation in favor of the plaintiffs is clearly against the weight of the evidence in this case. Wapa Oil & Development Co. v. McBride, 84 Okla. 184, 201 Pac. 984; Papoose Oil Co. v. Rainey, 89 Okla. 110, 213 Pac. 882; Maverick Oil & Gas Co. v. Howell (Ky.) 237 S. W. 40; U. S. Fuel & Gas Co. v. Adams (Ky.) 248 S. W. 841; Indiana Natural Gas Co. v. Beales (Ind.) 76 N. E. 520; Warren Oil & Gas Co. v. Gilliam (Ky.) 207 S. W. 698; Johnson v. Armstrong (W. Va.) 94 S. E. 753; Bertram Development Co. v. Tucker (Ky.) 228 S. W. 1027.

That the conditions affecting premises

upon which there is an oil and gas lease will give effect to an implied covenant upon the part of the lessee to commence drilling operations, although the lease does not specify the time in which such development should commence, is a question for inquiry in relation to the lease involved in the particular case. It would be misleading for us to specify a condition which will give rise to the implied covenant to drill, unless it was applied to some given situation. It might be misleading for us to discuss the condition which would give rise to an implied covenant to drill under the terms of the lease involved in this case, unless we had before us a record showing the situation of the parties, the nature of the land leased, its situation in relation to other lands, which were producing oil and gas, and the matter of the cost of drilling operations on this land as compared with the probable chances for the discovery of the minerals described by the lease. We should leave the parties to make their record upon these questions before expressing an opinion thereon. It is sufficient in this case to say that the lessor cannot maintain an action for the cancellation of the lease, unless he calls upon the lessee to perform the implied covenant to commence drilling operations upon these premises.

It is recommended that the judgment be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. p. 734. (2) 4 C. J. pp. 897, 900.   (3) 4 C. J. p. 902.