## HITT v. HENDERSON et ux.

No. 14743—Opinion Filed June 16, 1925.

Rehearing Denied Oct. 27, 1925.

### 1. Oil and Gas—Rights Conveyed by Lease.

An oil and gas lease for a term of 15 years, in consideration of one dollar and

to deliver to the lessor one-tenth of the oil realized from the premises, containing no covenant by the lessee to commence drilling operations at any certain time, does not vest title to oil and gas in the land and is not a grant of any estate therein, but is simply a grant of a right to prospect for oil and gas, no title vesting until such substances are reduced to possession by extracting same from the earth.

**2. Same — Implied Covenant for Development in Reasonable Time—Cancellation for Delay.**

In such lease there is an implied covenant by the lessee to begin development operations within a reasonable time, and if he does not do so, he will be presumed to have abandoned his right, and a court of equity will, at the suit of the lessor, cancel the lease as constituting a cloud on his title.

**3. Same—Unreasonable Delay.**

Where, under a lease for the term of 15 years for the purpose of drilling and operating for oil and gas, the only consideration to the lessor is the prospective royalties to arise from exploration and development and the lessee fails for 13 years to commence such development, the agreement is without consideration and may be abandoned by the lessor.

**4. Same—Notice to Lessee As Prerequisite to Cancellation.**

The general rule is that a court of equity will not cancel an oil and gas lease for failure to comply with an implied covenant to diligently develop such lease unless notice has been served upon lessee that a failure to commence drilling operations will be considered grounds for cancellation of the lease. There are, however, cases in which the giving of such notice may be unnecessary or where the circumstances excuse the failure to give it, as where the lessee's abandonment of the contract may be inferred from the fact that he has been in default for a long period of years.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by James Henderson et ux. against B. S. Hitt to cancel a certain oil and gas mining lease. From judgment in favor of plaintiffs, defendant brings error. Affirmed.

J. B. Dudley and C. W. Brewer, for plaintiff in error.

T. H. Ottesen and William L. Seawell, for defendants in error.

Opinion by PINKHAM, C. This was a suit instituted in the district court of Okfuskee county by James Henderson and his wife, defendants in error, as plaintiffs, against B. S. Hitt, plaintiff in error, as defendant, to cancel and set aside a certain oil and gas lease as a cloud upon the defendants in error's title.

The parties will be referred to as they appeared in the trial court.

Briefly stated, the facts are that on December 1, 1909, one John G. Lindsay was the owner of certain described land, and on said date he executed and delivered to the defendant, B. S. Hitt, an oil and gas lease.

The material parts of this lease provided that the party of the first part (Lindsay) in consideration of the "covenants and agreements hereinafter stated and the sum of one dollar in hand and hereby acknowledged has granted, devised, and let unto the party of the second part (Hitt), her successors and assigns, for the purpose and exclusive right of drilling and operating for and producing oil, gas, and any minerals, all of the following described property:" describing the same, "containing 200 acres, more or less, to any extent the said party may deem desirable. * * * The party of the second part to have and to hold the premises for a term of 15 years from date hereof and as much longer as oil, gas, or any minerals are found or produced in paying quantities thereon. In consideration of said grant and devise the party of the second part agrees to deliver to the party of the first part one-tenth of the oil realized from the premises in tanks at the well without cost; or pay the selling price at the well therefor in cash at the option of the party of the first part. If gas is found in any well or wells on said premises the party of the first part is to have on demand sufficient gas for domestic purposes free of charge at the well or wells. In case any minerals are found the party of the first part is to have one-tenth part of such mineral delivered at the place of production."

This lease was filed for record December 27, 1909. On February 19, 1910 Lindsay sold, transferred, and conveyed the said real estate and premises by general warranty deed to Wm. H. Stevens, subject to the said oil and gas lease. On January 30, 1918, Stevens and wife conveyed 40 acres of said lands to the plaintiff, James Henderson.

This deed to Henderson makes no reference to the said oil and gas lease.

James Henderson, the record owner of the 40 acres involved in this suit, joined by his wife commenced this action on April 14, 1922, to cancel the said oil and gas lease

in so far as it affects his 40 acres, and to quiet his title thereto.

The case was tried to the court and resulted in a judgment in favor of plaintiffs conceling said lease and quieting their title as prayed for in their petition.

In the journal entry of judgment, the court found:

"That the plaintiff, James Henderson and Mrs. S. N. Henderson, are the owners and in the actual possession of the land involved in the action and upon which the defendant, B. S. Hitt, makes claim of being the owner of an oil and gas lease thereon; that the oil and gas and other mineral lease under which the defendant claims bears date of December 1, 1909, and covers the land herein described, and other lands, and that there is an implied covenant therein to exercise reasonable diligence on the part of the grantee therein in exploring the lands described in such lease for oil, gas, and other minerals; that more than 13 years had elapsed since the execution of said lease and before the bringing of this action and that no effort has been made by the defendant, B. S. Hitt, nor by any person holding under her, to explore the land herein involved nor any portion of the land described in the said lease, and develop the same for oil, gas, or other mineral, and that by reason of the long lapse of time without exploration or development the defendant has forfeited her rights under the said lease so far as the same covers the land of the plaintiff."

Judgment was rendered canceling said lease as to the plaintiffs' 40 acres.

Defendant's motion for a new trial was overruled, exceptions reserved, notice of appeal given, and the case is properly here for review.

For reversal of the judgment counsel for defendant submit two propositions, the first of which is that Lindsay, being the owner of the land, had the absolute right to make the 15-year paid-up oil and gas lease, and that the one dollar cash consideration paid is a sufficient consideration to support the lease and all of its terms.

It is conceded by defendant that the main purpose and object of the oil and gas lease in question is development, and when the lease itself contains no express covenant to develop the law implies one; but it is contended that parties have a right to contract as they please and to stipulate with reference to these matters, and that the one dollar cash consideration paid for the lease supports not only all of the express covenants of the lease, but the implied ones as well.

In the case of Rich v. Doneghey, 71 Okla. 204, 177 Pac. 86, cited and relied upon in support of his proposition by defendant, the lessor was obligated to drill within a specified time or pay a stipulated rental for the privilege of delaying operations.

In that case the lessee had paid $15 a month for two months and had deposited a number of other rentals to the credit of the lessor before the suit was filed, and had paid a valuable consideration for the privilege of delaying the operations.

In McKee v. Thornton, 79 Okla. 138, 192 Pac. 212, also cited by defendant, it will be observed that the period in which to begin operations was specifically provided in the lease.

In the fourth paragraph of the syllabus the court said:

"The time when operations under an oil and gas lease shall commence is a proper subject of agreement between the parties, and in the absence of circumstances requiring equitable intervention, one who purchases lands burdened with a valid lease has no right to expect or require the lessee to begin operation or development prior to the time provided in such lease."

It will be observed that the oil and gas lease in controversy contains no provisions as to the time to commence operations, and no stipulation for the privilege of delaying operations.

It appears to be well settled that in the absence of an express provision in an oil and gas lease as to the time to begin operations, the law implies a covenant to operate within a reasonable time (New State Oil & Gas Co. v. Dunn et al., 75 Okla. 141, 182 Pac. 514); and that rule applies, we think, where only a nominal consideration was paid upon the execution of the lease, as in the instant case.

In Federal Oil Co. v. Western Oil Co., 112 Fed. 373, it is said in the second paragraph of the syllabus:

"A lease, for the nominal consideration of $1, for the purpose of drilling and operating for oil and gas—the lessor to receive a certain proportion of the oil and gas obtained —which does not obligate the lessee to commence or prosecute such operations, and which he may terminate at his pleasure without compensation to the lessor, is unconscionable, and should not be enforced."

In the case of Hill Oil & Gas Co. v. White, 53 Okla. 748 157 Pac. 710, this court said, speaking through Justice Hardy:

"The rule in this state is that contracts

unperformed, without sufficient consideration, which are optional as to one are optional as to both."

In the recent case of Cotner v. Mundy, 92 Okla. 268, 219 Pac. 321, the court said:

"Where the only consideration the lessor receives for the exclusive right to explore, develop, and remove the mineral is a royalty, whether it be oil and gas or other minerals, the courts have read into the lease the implied covenant to develop and operate with reasonable diligence."

The record discloses that there was an unexplained delay in beginning operations of 13 years. The lessee was a nonresident of this state and never appeared on the premises, and, so far as we are able to discover from an examination of the record, evinced no intention at any time to operate the lease. No excuse was offered at the trial f r the delay and no evidence was introduced tending to show an intention to ever develop the lease or to rebut the presumption that the lease had been abandoned.

"Where lessee under an oil and gas lease has not, within a reasonable time, entered upon the demised premises for the purpose of exploring for oil and gas, the law presumed an abandonment; and lessor may, by suit in equity, cancel the lease as a cloud on his title." Archer's Law and Practice in Oil and Gas Cases, sec. 28, page 92.

In Chandler v. French, 73 W. Va. 658, 81 S. E. 825, it is said:

"Mining leases are usually made for long terms; but unless expressly so provided it is not optional with the lessee throughout the term when he will begin operations. The length of term is intended to enable the lessee to complete mining operations after they have been commenced and not to make it optional when he will begin. What is a reasonable time in any given case depends largely upon its circumstances and whether the lessee has been diligent in his efforts to develop."

In the recent case of Donaldson v. Josey Oil Co., 106 Okla. 11, 232 Pac. 821, this court quotes with approval from the case of New State Oil & Gas Co. v. Dunn, et al., supra. where it is said:

"Without an express covenant to develop within a certain period, it has been held the law will imply a covenant to develop within a reasonable time, and forfeiture may be declared for failure to so develop. Blackwell O. & G. Co. v. Whitesides, 71 Okla. 41, 174 Pac. 573; Ind. O., G. & D. Co. v. McCory, 42 Okla. 136, 140 Pac. 610; Brewster v. Lanyon Zinc Co., 140 Fed. 801, 72 C. C. A. 213."

The testimony of a number of witnesses shows that development and exploration for oil and gas began in 1911 within five and six miles from the lease in question; that in 1914 gas was found within three miles of the lease; that in 1918 and 1919 drilling was carried on at a point about a mile and a half east of the lease involved; that in 1921 production was obtained some two miles south and east of the lease; and that two wells were drilled about a half mile from the land in controversy.

It appears that these latter wells were drilled about one year prior to the institution of this action, and were producing gas in paying quantities at the time of the trial.

There being no stipulation in the lease specifying the time within which the lessee shall begin operations for oil and gas or minerals, there is an implied covenant by the lessee to begin development within a reasonable time, and if the lessee does not do so, he will be presumed to have abandoned his right, and a court of equity will, at the suit of the lessor cancel the lease as constituting a cloud on the lessor's title. Chandler v. French, supra.

It is contended that under the lease the defendant acquired a present vested interest in the land. This contention cannot be sustained. The governing principle in oil and gas leases, such as the one here involved, is that the discovery and production of oil and gas is a condition precedent to the existence and continuance of any vested estate in the demised premises. Federal Oil Co. v. Western Oil Co., supra.

Many decisions of this court have announced the rule to the effect that the right or interest created by an oil and gas lease creates only the right to explore for and take from the earth any oil and gas found; that the lessee acquired no vested estate in the premises prior to the discovery of oil or gas. Brennan v. Hunter, 68 Okla. 112, 172 Pac. 48; Garfield Oil & Gas Co. v. Champlin, 78 Okla. 91, 189 Pac 514; First National Bank of Healdton v. Dunlap, decided Jan. 22, 1924 (pending on rehearing).

In Brennan v. Hunter, supra, it is held in the fifth paragraph of the syllabus that:

"An oil and gas lease is not a grant of the oil and gas that is in the ground, but of such part thereof as the lessee may find, and passes no estate that can be the subject of an ejectment or other real action."

The attitude of the defendant in the instant case was such, we think, as to make a demand to develop the property unnecessary, and we are impelled to the conclusion, from a careful examination of the evidence

disclosed by the record, that the defendant's abandonment of the lease contract may be inferred from the undisputed fact that she had been in default for a period of 13 years.

The rule is stated in Black in his work on Rescission and Cancellation, vol. 2, sec. 571:

"Moreover, there are some cases in which the giving of notice may be unnecessary, or where the circumstances excuse the failure to give it. This is the case, for instance, where his abandonment of the contract may be inferred from the fact that he has been in default for a long period of years." Citing, among other cases, Mosier v. Walter, 17 Okla. 305, 87 Pac. 877.

It is true that Mr. Lindsay testified that he was the brother of defendant and acted for her in this matter; but there is nothing in the evidence which tends to show that this fact was known to the plaintiffs, or that Lindsay ever made any attempt to develop the lease.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.