## UTILITIES PRODUCTION CORP. v. RIDDLE et al,

No. 21838.   Opinion Filed Nov. 29, 1932.

Rehearing Denied Dec. 27, 1932.

Poe, Lundy & Morgan and Fuller, Porter & Fuller, for plaintiff in error.

Pitchford & Pitchford, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Pittsburg county in favor of the defendants in error, who were the plaintiffs in the trial court, against the plaintiff in error, who was the defendant in the trial court. Hereinafter the parties will be referred to as plaintiffs and defendant.

The plaintiffs Coleman Riddle and Nancy Riddle brought an action against the de-fendant for the purpose of procuring the cancellation of a portion of a certain oil and gas mining lease held by the defendant. The material allegation of the petition was that the defendant had abandoned the lease as to a portion of the land. The issues were made up and the cause came on for trial. At that time the attorneys for the plaintiffs filed a motion on behalf of W. T. Noblin in which he stated that he had purchased an in-terest in the property in question and in which he asked to be made a party plaintiff. It appears from the record that the attorneys for the plaintiffs learned of the interest of Mr. Noblin on the morning of the trial. The defendant objected to making Mr. Noblin a party plaintiff. That objection was over-ruled and the court directed that he be made a party plaintiff. The defendant objected to proceeding with the trial and asked for time in which to make an investigation and in which to plead to the changed conditions. That request was overruled and the court directed the trial to proceed. When the evidence was all in, the plaintiffs asked per-mission to amend the petition to conform to the proof in the case, "* * * so as to in addition to the allegations already made, that we have alleged, to allege that the de-fendants have forfeited the lease in so far as the south 40 is concerned for failure to properly develop the same." The defendant's objections thereto were overruled, and the trial court permitted the amendment to be made. No amendment to the petition was made at any time and no amended petition was filed.

It is herein contended that there was er-ror in permitting Mr. Noblin to be made a party plaintiff after the cause was called for trial, and in compelling the defendant to proceed with the trial over the objections of the defendant. Since the judgment of the trial court must be reversed on other grounds, we do not think it necessary to further consider those contentions.

The action, as it was commenced, was founded upon an abandonment of a portion of the leased premises in controversy. The record shows no evidence of an abandonment thereof. On the contrary, it shows that the defendant was the owner of a leasehold es-tate; that it was operating a gas well on a portion of the premises, and that it intended to develop the remainder of the leased prem-ises as soon as a market could be obtained for the production.

It appears from the record that at the time of the institution of the action, the plaintiffs

were cotenants of the property in question, Mr. Noblin owning an undivided interest in the oil, gas, and minerals therein. Under the decision of this court in Hawkins v. Klein, 124 Okla. 161, 255 P. 570, and others, it was held that all of the joint owners of land must unite in an election to enforce a forfeiture on account of the breach of entire and indivisible covenants, and that no tenant in common has, by virtue of his relationship to his cotenants, any authority to act as agent for his cotenants in enforcing a forfeiture of a lease on jointly owned real estate. It is admitted that Mr. Noblin never gave any notice to the defendant of an intention to declare a forfeiture of the lease, and that he never joined with anyone else in the giving of any such notice. In Papoose Oil Co. v. Rainey, 89 Okla. 110, 213 P. 882, Farmers Mutual Oil Leasing Co. v. Bonneau, 110 Okla. 168, 237 P. 83, and other cases, this court held that, in a case of a breach of an implied covenant properly to develop an oil and gas lease, the lessor must notify the lessee and demand that the lessee comply with the implied covenant to develop before a court of equity will grant a forfeiture, and that, in the absence of proof of a notice to that effect, a judgment of cancellation is against the weight of the evidence. The record shows no evidence of any notice ever having been given to the defendant to develop the property. The only evidence tending to show such a notice was in the form of a letter requesting the defendant to release the lease and informing it that, if a release was not executed, an action would be instituted for cancellation of the lease on the ground of abandonment. There was no demand for further development of the property. The plaintiff Noblin did not sign that letter and the contents in no wise connect him therewith. While this court, in Indiana Oil, Gas & Development Co. v. McCrory, 42 Okla. 136, 140 P. 610, held that the decreeing of a forfeiture of an oil and gas lease on account of a breach of an implied covenant to develop property will depend upon the facts and circumstances surrounding each particular case, it has never held that such a decree will be made in the absence of a demand for further development of the property, or of notice of intention to declare a forfeiture for failure to further develop the property. The plaintiffs rely on a statement made by this court in its decision in Hitt v. Henderson, 112 Okla. 194, 240 P. 745, as follows:

"There are, however, cases in which the giving of such notice may be unnecessary or where the circumstances excuse the failure to give it; as where the lessee's abandonment of the contract may be inferred from the fact that he has been in default for a long period of years."

They contend that under that rule no notice was necessary. The statement quoted is a part of a paragraph of that decision. Immediately preceding it, in the same paragraph, this court said:

"The general rule is that a court of equity will not cancel an oil and gas lease for failure to comply with an implied covenant to diligently develop such lease unless notice has been served upon lessee that a failure to commence drilling operations will be considered grounds for cancellation of the lease."

The record shows that the plaintiffs Coleman Riddle and Nancy Riddle owned an 80-acre tract of land which they leased for oil and gas mining purposes, and which lease, by mesne assignments, passed to the defendant. It further shows that, at the time the defendant acquired title to the lease, there was a producing gas well on the north half of the tract which had been drilled by one of its predecessors in title to the lease and which well was producing gas in paying quantities. It further shows that after the execution of the lease the north half of the land had been sold to other persons and that an undivided interest in the oil, gas, and minerals in the south half of the land had been sold to Mr. Noblin. Under those facts the plaintiffs had no more right to declare a forfeiture of the lease than though they had kept the entire leased tract of the land. By their sale of the north half of the leased tract, they acquired no greater rights than they would have had had they not sold it. Such is the rule followed by this court in Kimbley v. Lucky, 72 Okla. 217, 179 P. 928, and Galt v. Metscher, 103 Okla. 271, 229 P. 522.

The record shows that the defendant purchased the lease some four months prior to the commencement of this action; that there was but little market demand for the production from the well on the north half of the property and but little market demand for the production from other wells in that vicinity; that the defendant had tried to secure pipe line facilities to other markets; and that there was no producing well sufficiently close to the south half of the land to require an offset to prevent drainage.

The facts shown by the record in Hitt v. Henderson, supra, were materially different. Therein there had been no development of any portion of the leased tract and no ef-

fort had been made to explore the land, or any portion thereof, or to develop the same for oil, gas, or other minerals, or to explain that delay. That opinion recites:

"The record discloses that there was an unexplained delay in beginning operations of 13 years. The lessee was a nonresident of this state and never appeared on the premises, and, so far as we are able to discover from an examination of the record, evinced no intention at any time to operate the lease. No excuse was offered at the trial for the delay and no evidence was introduced tending to show an intention to ever develop the lease or to rebut the presumption that the lease had been abandoned."

The lease in that case was for a term of 15 years, "and as much longer as oil, gas or any minerals are found or produced in paying quantities thereon." The lease in this case was for a term of five years, "and as long thereafter as oil or gas or either of them is produced from said land by the lessee." Therein the lease was for a consideration of $1. Herein the lease was for a consideration of $80. Therein there was no excuse offered for the delay. Herein a valid excuse for the delay was offered, to-wit, that there was no market for the production. The decision of this court in Hitt v. Henderson, supra, is not applicable to the facts shown by the record in this case for the reason that the circumstances shown by the record in this case are not sufficient to excuse the failure of the plaintiffs to give notice to the defendant of their intention to declare a forfeiture of the lease for failure to develop the same. Since no legal notice of such intention was given to the defendant, the trial court was in error in declaring the lease forfeited.

The judgment of the trial court is reversed and the cause is remanded to that court, with directions to render judgment in favor of the defendant therein.

LESTER, C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent.

Note.—See under (5) annotation in 34 L. R. A. (N. S.) 34; 12 R. C. L. 874; R. C. L. Perm. Supp. p. 3202.