The STATE of Oklahoma ex rel. COMMIS-
SIONERS OF the LAND OFFICE of
said State, Plaintiff in Error,

v.

Alfred B. COUCH, Defendant in Error.

No. 36579.

Supreme Court of Oklahoma.

June 5, 1956.

R. H. Dunn, A. M. De Graffenried, N. A. Gibson, Shell Bassett, Oklahoma City, for plaintiff in error.

Alfred B. Couch, Kansas City, Tryon & Sweet, Guymon, for defendant in error.

JACKSON, Justice.

This is an action by plaintiff, the State of Oklahoma on relation of the Commissioners of the Land Office, seeking cancellation

of an oil and gas lease on 160 acres of land in Texas County, Oklahoma.

The lease was executed October 23, 1920, by Carl Wood in favor of Alfred B. Couch, defendant herein. Thereafter, in 1932, plaintiff acquired a mortgage on the property, and through foreclosure proceedings obtained a Sheriff's deed on June 25, 1941. The validity of the Couch lease was not made an issue in the foreclosure proceedings and it is agreed that the foreclosure has no effect on the validity of the lease.

This action was commenced on July 21, 1952, by plaintiff for cancellation of the lease. Plaintiff's petition alleges that the lease from Wood to Couch was (1) without consideration; (2) that defendant, Couch, has breached the implied covenant to drill; and (3) that the failure to commence development for more than thirty years constitutes abandonment.

No notice to undertake development was given to the defendant prior to the institution of this action, although defendant was advised by letter that plaintiff intended to file a suit to cancel the lease. There was evidence that gas was being produced in the area, although it is not contended that there is any drainage of the property.

As we understand plaintiff's petition, evidence and argument, relief is not sought upon equitable grounds but upon the legal import of the lease in question. That is, plaintiff is not seeking drilling operations *or* a cancellation of the existing lease, but seeks a complete cancellation of the lease with no opportunity for lessee to drill at this time.

The material parts of the lease provide, in substance, that for $1 and the covenants and agreements of lessee (Couch), "hereinafter contained," the lessor (Wood) leases unto lessee for the sole and only purpose of operating for oil and gas. The lease to remain in force for a term of forty years, and so long as oil or gas is produced. Lessee agrees to deliver ⅛ of the oil to lessor; agrees to pay $1 each year for the gas from each well where gas only is found, while the same is used off the premises; and to pay lessor $25 per year for gas pro-duced from any oil well and used off the premises.

The lease further provides:

"The Lessee agrees to commence drilling a well on said premises within * * * from date thereof, and to prosecute such work with due diligence to completion, and in case the work of drilling is abandoned for a period of one year to pay the first parties (lessor) hereafter no dollars, per annum during the term of this lease; and it is agreed that the prosecution of the work of drilling or the completion of such well shall be a full liquidation of all rent under this provision during the remainder of the term of this lease. * * *.

" * * * Cash lease cash paid in advance."

At the outset we recognize that oil and gas leases are construed most strongly against the lessee and in favor of the lessor. Frank Oil Co. v. Belleview Gas & Oil Co., 29 Okl. 719, 119 P. 260, 43 L.R.A., N.S., 487.

Under Oklahoma laws, oil and gas leases should be construed to promote development and prevent delay, where the terms of the lease will permit. Crain v. Pure Oil Co., 10 Cir., 25 F.2d 824; Paraffine Oil Co. v. Cruce, 63 Okl. 95, 162 P. 716, 719, 14 A.L.R. 952. But the paramount rule in the interpretation of contracts is to ascertain the intention of the parties and give effect to the same, if it can be done consistently with legal principles. This rule is applicable to the interpretation of an oil and gas lease. Prowant v. Sealy, 77 Okl. 244, 187 P. 235.

The primary term of this lease, 40 years, together with the fact that the time to commence drilling a well on the premises is left blank, would indicate that "development" was not of the essence of this contract.

The provisions for drilling and delay in drilling are all contained in one sentence and are in substance that, lessee will commence drilling in —— years, prosecute the drilling with due diligence, and in case

drilling is abandoned for one year to pay lessor no dollars, per annum during the term of the lease; and the prosecution of the work of drilling is a liquidation of all rent under this provision during the remainder of the term.

From the foregoing it is apparent that the form of lease contemplated that the time for drilling would be inserted. It is also apparent the form contemplates that if drilling is abandoned after the first well is started, the proviso for drilling will be satisfied by the payment of —— dollars, per annum during the term of the lease.

We are convinced that the time to commence drilling was intentionally left blank, and that delay in drilling was intended. This intention is expressed wherein lessee agreed to pay "no dollars, per annum during the term of this lease." This conclusion is fortified by the last sentence in the lease contract, "Cash lease cash paid in advance." Stated another way, it appears that the "Cash paid in advance" is in lieu of delay rentals and was paid in advance for the privilege of delaying drilling operations during the term of the lease.

In McKee v. Thornton, 79 Okl. 138, 192 P. 212, 215, this court upheld a lease contract which authorized a 20 year delay in drilling and quoted with approval from Rose v. Lanyon Zinc Co., 68 Kan. 126, 74 P. 625, wherein that court said:

"'"Courts have no right to declare that, whatever the parties may think, operations for sinking a well must begin at once under an oil or gas lease. If this court had done so prior to the time plaintiffs desired to contract they would have rebelled, without any doubt, with the utmost indignation against the decision as an infringement of their liberty to contract with reference to their land and the minerals beneath its surface as they pleased. In so doing they would have been justified. If plaintiffs should desire to contract for an immediate exploration, they must have that right; and if they should desire to give an oil or gas company five years in which to sink a well, upon a consideration satisfactory to themselves, and as the result of negotiations free from imposition and fraud, they must have that right. * * *"'"

We conclude that there was a consideration for the lease; that the lease agreement, as written, excludes any implied covenant to drill, and there is no evidence of an intention to abandon the lease.

Our attention is invited to Hitt v. Henderson, 112 Okl. 194, 240 P. 745. There the primary term of the lease was 15 years. The only consideration recited in the lease was one dollar and the covenant to explore for oil and gas. While there was no time provided to commence drilling, there was no stipulation for the privilege of delaying operations. The court held there was an implied covenant to drill within a reasonable time. That case may be distinguished upon the facts. The recited consideration in that case was one dollar and the covenant to explore. In the absence of exploration there would have been a practical failure of consideration. Drilling would appear to be the consideration for that lease. In the case now before us the "Cash paid in advance" appears to be the consideration for the lease and the privilege of delaying drilling.

Judgment affirmed.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY and BLACKBIRD, JJ., concur.

HUNT, J., dissents.

HUNT, Justice (dissenting).

The majority opinion herein holds that the recital " 'cash paid in advance' " *appears* (Italics ours) to be the consideration for the lease, and the privilege of delaying drilling for the entire term of 40 years. It quotes the further statement contained in the lease of " $1 and the covenants and agreements * * * 'hereinafter contained' " and further quotes the provision whereby the lessee agrees to commence drilling a well and to prosecute same with due diligence, etc., and then proceeds to hold that, because certain blanks in the lease as to *time* of drilling were left blank, delay in the commencement of a well was

intended by the parties and that the "'cash paid in advance'." was in lieu of delay rentals and relieved lessee of any obligation whatever under the terms of the lease. We cannot agree that the lease is susceptible of this narrow construction, especially in view of all the other provisions of the lease and the many holdings of this court concerning both express and implied covenants contained in oil leases.

This is not a suit to collect delay rentals and we agree none are due under the terms of the lease. We do not agree, however, that there was no obligation on the part of the lessee to develop within a reasonable time, but that to do so was clearly intended by the parties, as well as implied, when you consider all the provisions of the lease and apply the rules heretofore announced by this court in similar situations in construing same.

A very similar situation was presented in Hitt v. Henderson, 112 Okl. 194, 240 P. 745, and therein we said:

"An oil and gas lease for a term of 15 years, in consideration of one dollar and to deliver to the lessor one-tenth of the oil realized from the premises, containing no covenant by the lessee to commence drilling operations at any certain time, does not vest title to oil and gas in the land and is not a grant of any estate therein, but is simply a grant of a right to prospect for oil and gas, no title vesting until such substances are reduced to possession by extracting same from the earth.

"In such lease there is an implied covenant by the lessee to begin development operations within a reasonable time, and if he does not do so, he will be presumed to have abandoned his right, and a court of equity will, at the suit of the lessor, cancel the lease as constituting a cloud on his title.

\*   \*   \*   \*   \*   \*

"The general rule is that a court of equity will not cancel an oil and gas lease for failure to comply with an implied covenant to diligently develop such lease unless notice has been served upon lessee that a failure to commence drilling operations will be considered grounds for cancellation of the lease. There are, however, cases in which the giving of such notice may be unnecessary or where the circumstances excuse the failure to give it, as where the lessee's abandonment of the contract may be inferred from the fact that he has been in default for a long period of years."

In the body of the opinion it is stated:

"There being no stipulation in the lease specifying the time within which the lessee shall begin operations for oil and gas, or minerals, there is an implied covenant by the lessee to begin development within a reasonable time, and if the lessee does not do so he will be presumed to have abandoned his right, and a court of equity will, at the suit of the lessor, cancel the lease as constituting a cloud on the lessee's title. Chandler v. French, supra [73 W.Va. 658, 81 S.E. 825, L.R.A.1915B, 561]."

This case is almost identical with the, case at bar, except as to the term of the. lease which in the instant case is 40 years, and no development is shown for 32 years, which was more than 6 years after exploration and development for oil and gas had been begun in the general area of the land here involved. Hitt v. Henderson, supra, has never been modified or overruled and has often been cited with approval by this court and the Federal Court. One of the cases being Doss Oil Royalty Co. v. Texas Co., 192 Okl. 359, 137 P.2d 934, 938. In that case, this Court held that 14 years was an unreasonable length of time for the lessee to hold the undeveloped portion of the lease without drilling, or without showing its intention to drill. In the body of the opinion the Court said:

"\*   \*   \* The implied covenants of a lease require the lessee to develop and operate the lease with due regard for the lessor's interest therein as well as his own. Neither the lessor nor the lessee is the arbiter of the extent to which, or the diligence with which, the lessee shall proceed, but such question

is committed to the sound discretion of the courts to be determined from the facts and circumstances of each case. * * *"

I agree that the rule of law announced in the syllabus of the majority opinion is correct but am further of the opinion that applying same to the facts, as disclosed by the record in this case requires that this cause be reversed with directions to render judgment for plaintiff.

The majority opinion also recognizes the well established rule that oil and gas leases are construed most strongly against the lessee and in favor of the lessor, citing Frank Oil Co. v. Belleview Gas & Oil Co., 29 Okl. 719, 119 P. 260, 43 L.R.A.,N.S., 487, and also the rule that oil and gas leases should be construed to promote development and prevent delay where the terms of the lease will permit, citing Crain v. Pure Oil Co., 10 Cir., 25 F.2d 824, Paraffine Oil Co. v. Cruce, 63 Okl. 95, 162 P. 716, 719, 14 A.L.R. 952, with which I am also in accord. On the authority of these cases, and others herein cited, we reach the conclusion, as herein above announced.

There was a specific agreement on the part of the lessee in the lease here involved to "commence drilling a well on said premises * * * to prosecute such work with due diligence to completion", and even though the time in which he was to commence said well was left blank we think said provision clearly shows it was the intention of the parties that a well be commenced within a reasonable time in addition to the implied covenant to do so, and that failure to commence a well within 32 years constitutes an abandonment of the lease, especially in the absence of any explanation or excuse for such failure, and none is shown or attempted to be shown here.

Other questions raised in this appeal, not being considered in the majority opinion in view of the conclusion there reached, are not discussed in this dissent. However, I am of the further opinion that under the facts in this case no notice or demand to begin development was necessary, and further, that the plaintiff could maintain this action as to its interest without joining his co-tenants. See Skelly Oil Co. v. Wickham, 10 Cir., 202 F.2d 442, and other Oklahoma cases therein cited.

I, therefore, respectfully dissent.