PRODUCERS PIPE AND SUPPLY CO., a corporation, Plaintiff in Error,

v.

Rufus E. JAMES, Defendant in Error.

No. 38006.

Supreme Court of Oklahoma.

Oct. 28, 1958.

Rehearing Denied Dec. 9, 1958.

Rosenstein, Fist & Mesirow, Tulsa, M. H. Silverman, Tulsa, of counsel, for plaintiff in error.

McKnight & Gasaway, Enid, for defendant in error.

PER CURIAM.

This action was initiated March 1, 1956 to cancel an oil and gas lease executed December 14, 1917, which covered a certain 290 acres in Section 7, Township 22 North, Range 3 West, I.M., Garfield County. A producing well developed by the lessee existed on a portion of the premises at the time the lease was executed. Subsequent to the execution of the lease, the lessee divided the lease by two assignments to separate assignees; one of 247 acres and the other of 43 acres. By 1950 these two portions of the lease, by various assignments, had been assigned to the same entity, the plaintiff in error. Thereafter, the defendant in error became the owner of the real estate, subject to the lease, by virtue of a judicial sale. During all these years oil or gas have been produced from some part of the leased premises, but at the time the lease was acquired by plaintiff in error there was no production from the 247-acre tract, and the last wells thereon had been plugged in 1949. There was still some small production on the 43-acre tract at the time this action was initiated. Only one well has been drilled on the leased premises since 1922 and that was in 1944. Cancellation was sought on the basis of a breach of the implied covenant to further develop, and, as to the 43-acre tract on the basis that the production was no longer in paying quantities. The trial court decreed cancellation of the 247-acre tract but denied relief as to the 43-acre tract. The assignee-lessee has appealed. The owner of the property has not appealed. That part of the judgment contrary to the owner's contention will not be discussed since it has not been presented for review.

In its brief the plaintiff in error presents what it considers to be " * * * the sole and controlling questions in the case." Its argument on appeal does not attack the sufficiency of the evidence to support the decree of cancellation if the proposition posed by it is not sustained. For this reason we have not set out from the voluminous record the total evidence relative to cancellation, and we will not specifically discuss the sufficiency of the evidence to support the judgment. We relate only that evidence necessary to an understanding of the issue presented.

Plaintiff in error states the primary proposition in the following manner:

" * * * the parties to the lease, having provided for a valuable considera-

tion to be paid in addition to the royalties from production, such valuable consideration excludes the application of the doctrine of implied covenants for the reason that such doctrine presupposes an absence of any consideration other than the royalties payable out of production; and for the further reason that the express covenant * * * excludes the implied covenant for further development."

The lease contract provides for a primary term of five years which is to be extended for as long thereafter as oil or gas is produced. The consideration recited is one dollar and " * * * the rentals to be paid and the covenants and agreements hereinafter contained * * *." The first of the remaining provisions required the lessee to pay " * * * as rental for the oil and gas rights herein granted two hundred and ninety dollars * * * per year so long as this lease shall remain in force, * * *." The lease also provided for ⅛ oil royalty; $250.00 for each gas well; the lessee to drill a test well within one year to 1,700 feet and if it proved to be a dry hole " * * * then this lease shall terminate * * * unless the lessee shall drill a second well * * *" which, if a dry hole, would terminate the lease " * * * except that lessee shall then have the privilege of continuing this lease in force by the payment of rental as provided * * *." There were other provisions to require drilling of wells to offset any producing wells on adjacent property, as well as provisions customarily found in such leases and which need not be specifically noted.

Plaintiff in error acknowledges the validity of the implied covenant of reasonable development as a general proposition, but insists that the doctrine is inapplicable to this case because its foundation is that of failure of consideration for the granting of the lease except for the production obtained by development of the oil potential. We think the premise of this argument accords undue emphasis to the purely monetary consideration associated with the granting of the lease. It is common knowledge that considerable variation may exist in the monetary consideration for leases to different tracts even within close proximity to each other. Yet, the same implied covenants would be found in each lease in the absence of an express provision concerning development. Fox Petroleum Co. v. Booker, 123 Okl. 276, 253 P. 33. These covenants arise upon the foundation of the belief that in executing the lease the lessor, no less than the lessee, expects that the property will be developed so as to make it productive of oil or gas. See Kulp, Oil & Gsa Rights, Sec. 10.66. Another has put it thus:

"Is not the real basis of the doctrine of implied covenants in oil and gas leases to be found in the theory of enforcing that conduct which, under the circumstance, fair dealing between lessor and lessee fairly demands that the latter pursue?" Merrill, Covenants Implied in Oil and Gas Leases, 2nd Ed., Sec. 221.

It is the foregoing equitable principle and not a legal failure of consideration which moves the court to cancel the lease, and this is true whether the case be that of an initial development or the subsequent development after the expiration of production achieved by an initial development as in this case. Fox Petroleum Co. v. Booker, supra. The problem presented is not the monetary consideration or the method whereby it is to be paid; the question is whether the lease contains express provisions which negate the application of the doctrine of an implied covenant to develop, which development is the primary objective of the lease.

Annual payments do not of themselves create an express covenant to delay development. This is demonstrated by the lease now under consideration. This lease was for a primary term of five years, but it also required the lessee to drill at least two test wells the first two years of its term. These wells were to be drilled notwithstanding the annual payment of rental. The remaining

three years of the term of the lease could be continued by the payment of the annual rental, but this rental did not pass away with the expiration of that term or with the inception of commercial production from the property. There was already commercial production. The provision concerning this rental is explicit, and is: "* * * so long as this lease shall remain in force." Thus, this rental could not be one for delay in future development, for it is due notwithstanding commercial production from the property. This the various assignees of the lease have tacitly conceded by their conduct in paying the rental although there has been production from the property from the inception of the lease. And as it contains no express terms which compel the conclusion that the rentals were to delay further development, we will not read into the lease a construction which obviously would be contrary to the normal expectations of the contracting parties and to the policy of the law in this jurisdiction favoring the expeditious development of the mineral estate. This is not a delay rental provision as is usually found in oil and gas leases and we do not so construe it, but if, as to the primary term, it might be so considered, we are now dealing with the provision as it applies to that period after the primary term, and to construe this provision as applicable now in the same manner as an ordinary rental provision during the primary term would produce a most uncommon result. Such a construction would effectively thwart the lessor's reasonable expectations and would permit the lessee to speculate on the advantages to be gained by an unreasonable delay. This lease provision, rather than a delay provision for the lessee's benefit, is more a monument to the astuteness of the property owner in the negotiations with the lessee whereby it secured terms which have proved to be more rewarding than those normally found in such a contract.

■■ The cases cited by plaintiff in error do not establish its contention. In State ex rel. Com'rs of Land Office v. Couch, Okl., 298 P.2d 452, 454, we concluded, from the terms of a lease not similar to those in this instrument, that "* * * delay in drilling was intended. * * * that the 'Cash paid in advance' is in lieu of delay rentals and was paid in advance for the privilege of delaying drilling operations during the (primary) term of the lease." The lease in Chapman v. Kendall, 145 Okl. 107, 291 P. 97, 99, had an express provision concerning the primary term that the initial monetary consideration "shall be in full payment of all rentals * * * and that no further or annual or other rental shall be due. * * * but * * * the royalties * * *." In addition, there was evidence from which the court concluded that the parties intended the provision to be "* * * a stipulation for delaying development * * *." The lease in Eastern Oil Co. v. Beatty, 71 Okl. 275, 177 P. 104, contained an express provision for delay. The same is true of Central States Production Corporation v. Jordan, 184 Okl. 262, 86 P.2d 790, 791, in which the lease provided "* * * this lease may be kept in force and effect by paying the royalty for a well (set at $250.00) whether it is drilled or not." As to this lease the opinion notes "For some reason * * * the parties entered into a covenant more in the nature of one not to produce than a covenant to produce." Contrariwise, in the instant case, the lessor and lessee entered into a covenant to produce and pay monetary rentals in addition to the ⅛ royalty to be received from any production. This does not exclude the implied covenant of reasonable development.

Judgment is affirmed.

CORN, V. C. J., and JOHNSON, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

WELCH, C. J., and HALLEY and WILLIAMS, JJ., dissent.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opin-

ion was written by the Commission the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.