**WOLF et al. v. BLACKWELL OIL & GAS CO. et al.**

No. 8959—Opinion Filed Jan. 6, 1920.

(Syllabus by the Court.)

**1. Contracts — Construction — Language of Contract.**

The language of a contract is to govern its interpretation, if the language is clear and explicit and does not involve an absurdity, and the whole of such contract is to be taken together so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others, and the words to be understood in their ordinary and popular sense, unless used by the parties in a technical sense.

**2. Same—Oil and Gas Lease—Rule of Ejusdem Generis.**

By the rule of ejusdem generis, where general words follow the enumeration of particular classes of minerals, the general words will be construed as applicable only to min-

erals of the same general character or class as those enumerated.

### 3. Contracts — Construction — Intent of Parties.

However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract.

Error from District Court, Kay County; Wm. Bowles, Judge.

Action by H. F. Wolf and Lena Wolf, his wife, against the Blackwell Oil & Gas Company and others. From judgment in favor of defendants, plaintiffs bring error. Affirmed.

Sam K. Sullivan and J. Henry Hill, for plaintiffs in error.

H. S. Gurley and Dale & Bierer, for defendants in error.

OWEN, C. J. Action brought to compel delivery or payment of one-tenth of the gas transported from premises covered by an oil and gas lease executed by plaintiffs. The lease grants unto the Blackwell Oil & Gas Company "all the oil, gas, and other minerals" found in and under the described premises, and the exclusive right to lay pipe necessary for production and transportation of "oil, gas, or other minerals" taken from said premises. And it reserves to lessors one-tenth of "all oil or other minerals" produced from the premises, providing in separate paragraph "if gas only is found in quantities large enough to transport, then parties of the first part are to receive $100 per annum for the product of each and every well so transported, and also free gas for dwelling on the above described land for heating and lighting purposes." ·

A well was brought in from which large quantities of gas were transported, and plaintiffs were paid $100 a year for such gas. Lessee began to extract gasoline from the gas, paying the lessor one-tenth of such gasoline, but refused to pay for one-tenth of the gas.

Counsel contend that the paragraph providing for payment of the $100 per annum for the production of each gas well had no effect after the production of the gasoline; that when gasoline was manufactured from the gas the well was no longer a gas well, in the sense used in that paragraph, and that plaintiffs were entitled to one-tenth of such gas under the provisions of the paragraph reserving to the parties of the first part one-tenth of "all oil or other minerals," arguing that the term "other minerals" includes gas from any well except where gas only is found.

Under the provisions of our statute, the language of a contract is to govern its interpretation, if the language is clear and explicit and does not involve an absurdity, and the intention of the parties is to be ascertained from the writing alone, if possible, and the whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others. And the words of a contract are to be understood in their ordinary and popular sense, unless used by the parties in a technical sense. (Chapter 12, art. 3, Rev. Laws 1910.)

The granting clause of the lease uses the language, "all the oil, gas, and other minerals"; the excepting or royalty clause, "all oil or other minerals." In a separate paragraph, the $100 per annum royalty is provided for gas. It clearly appears the gas royalty was to be different from the royalty for oil or "other minerals."

Counsel contend that the language, "if gas only is found in quantities large enough to transport," should be construed to mean, "if gas only is found on the premises in quantities large enough to transport." Such construction, in our opinion, is not permissible, especially in view of the language, "of each and every well so transported," found in this paragraph. As we view this paragraph it was meant to deal with each and every well in which gas was found and from which such gas was transported. To hold that the words "or other minerals," found in the clause fixing the royalty for oil, includes gas would be to violate the rule of ejusdem generis. General words do not explain or amplify particular terms preceding them, but are themselves restricted and explained by the particular term. The general term "other minerals," following the word "oil," must be construed to be minerals of like character. Board of Co. Com'rs v. Grimes et al., 76 Oklahoma, 182 Pac. 897; People v. Cummings (Cal.) 46 Pac. 284; Rhone v. Loomis (Minn.) 71 N. W. 31.

Much of counsel's argument is devoted to a discussion of the equities of the contract, but no such issue is presented by the pleadings, and as was said by the trial court: "The lease is clear upon its face; he was to receive one-tenth of the oil; it is equally clear he was to receive $100 for a gas well."

If appears gasoline was caught in dripping pans as a by-product of the gas. In our opinion the well cannot be held to be an oil well, within the meaning of the lease, merely because gasoline is produced as a by-product of the gas. It was still a gas well, within the meaning of the lease, for the purpose of fix-

ing the gas royalty. Nothing appears in the record to even indicate that the parties contemplated the production of gasoline, and section 958 of chapter 12 of the statute, supra, provides that, however broad may be the terms of a contract, it extends only to those things concerning which it appears the parties intended to contract. It might be said that the term "other minerals," following the word "oil," includes gasoline oil. But it is unnecessary for us to determine that, for the reason it appears from the petition that lessors received one-tenth of the value of the gasoline oil produced. The controversy is as to one-tenth of the gas produced from the well from which the gasoline oil came.

The judgment of the trial court is, therefore, affirmed.

RAINEY, PITCHFORD, JOHNSON, McNEILL, and HIGGINS, JJ., concur.