## GYPSY OIL CO. v. PONDER et al.

No. 14211—Opinion Filed July 24, 1923.

Rehearing Denied Sept. 25, 1923.

**1. Contracts — Construction — Ordinary Meaning of Words.**

In construing a contract the ordinary and usual meaning given words and phrases should receive a like meaning in the contract.

**2. Same—Intent of Parties.**

Where it is possible to ascertain from the contract the intention of the parties; it should be given effect, and this rule applies even though the contract contains harsh terms that impose burdensome duties on one or more parties.

**3. Oil and Gas—Construction of Lease— Rights Dependent on "Ability to Produce."**

Where the future right to operate under an oil and gas lease is made to depend upon the ability to produce oil or gas, the provision will be given effect by the court, but whether or not oil or gas can be produced by the lessee or his assigns is a question of fact. The issue of fact is for determination by the court from a consideration of all the evidence as in any other disputed questions of fact.

**4. Appeal and Error — Review — Equity Cases.**

In reviewing a case of purely equitable cognizance, this court will consider and weigh all the evidence, but will not reverse the case on account of insufficient evidence, unless the judgment of the trial court is clearly against the weight of the testimony.

**5. Same—Affirmance.**

We have carefully examined the record, and do not find that the judgment of the trial court is clearly against the weight of the evidence.                    g

(Syllabus by Stephen, C.)

Commissioners' Opinion, Division No. 4.)

Error from District Court, Carter County; Thomas W. Champion, Judge.

Action by Mary P. Ponder et al., against the Gypsy Oil Company, a corporation, to quiet title in lands situated in Carter County. Judgment for plaintiffs, and defendant brings error. Affirmed.

James B. Diggs, Wm. C. Liedtke, and Redmond S. Cole, for plaintiff in error.

Brown, Williams & Brown, for defendants in error.

Opinion by STEPHENSON, C. Mary P. Ponder et al., widow and heirs of J. E. Ponder, deceased, brought their action in the district court of Carter county, against the defendant to quiet the title to 160 acres of land. The defendant answered that it held an oil and gas lease on the lands in question, executed and delivered by Mary P. Ponder and her husband, J. E. Ponder, on December 30, 1916, for a period of five years. A further provision of the lessee was in the following language:

"To have and to hold the same for the term of five years and as long thereafter as oil or gas or either of them can be produced on said land by the lessee."

The five year period expired on December 30, 1921, and the further right of the defendant depended upon the phrase "as long hereafter as oil or gas or either of them can be produced from said land by the lessee."

If the language of a contract is clear and explicit, the intention of the parties is to be ascertained from the contract if possible, and the entire contract is to be considered as a whole, and construed so as to give effect to every part, if reasonably practicable. Wolfe et ux. v. Blackwell Oil & Gas Co., 77 Okla. 81, 186 Pac. 484.

In construing a contract the ordinary and usual meaning given to words and phrases should receive a like effect in the contract. If the provisions of a contract show clearly the intention of the parties, there is no cause for applying technical rules of construction, for where there is no doubt there is no room for construction. McGuffin v. Coyle, 16 Okla. 648, 85 Pac. 694, 86 Pac. 920, 6 L. R. A. (N. S.) 524; Strange v. Hicks, 78 Okla. 1, 188 Pac. 347; Bearman v. Dux Oil & Gas Co., 64 Okla. 147, 166 Pac. 199.

These rules should be observed in construing a contract, if the meaning is clear and unambiguous, even though the contract may contain harsh terms, or impose extra burdens on one or both parties to the contract. Newbern Bank and Trust Co. v. Duffy, 153 N. C. 62, 68 S. E. 915; Hanna v. Mosher et al., 22 Okla. 501, 98 Pac. 358; City of Tecumseh v. Burns, 30 Okla. 503, 120 Pac. 270; Wolf et al. v. Blackwell Oil & Gas Co. et al., 77 Okla. 81, 186 Pac. 484; Strange et al. v. Hicks et al., 78 Okla. 1, 188 Pac. 347; Prowant et al. v. Sealey et al., 77 Okla. 244, 187 Pac. 235; Barnsdall Oil Co. v. Leahy, 195 Fed. 731.

The oil and gas privileges and rights claimed by the defendant are founded upon the language above quoted as contained in the lease. The provision is clear and unambiguous, and, according to the prevailing rule laid down by authorities, the words contained in the provision should be given the meaning ordinarily and usually applied to such expressions. The right of the defendant is made by the terms of the lease to depend upon its ability to produce oil or gas from the lands involved in this action. Whether or not such production can be had from the land is a question of fact, and was involved in the trial of this cause. The trial court found the issue upon this question in favor of the plaintiffs, and against the defendant. So far as this appeal is concerned, the only question presented for review by the appeal is whether or not the finding of the court upon this issue is against the evidence. In considering this question it should be born in mind that the period of time during which oil or gas may be produced from a particular tract of land is uncertain. It is also uncertain as to how long present production may continue. We do not consider it as a certainty that a small production once shut off will reproduce a like quantity, or gas or oil of any quantity, in the future. With these considerations in mind, we will examine the evidence introduced in the trial of the cause. The record discloses that a gas well of some 4,000,000 cubic feet production was brought in on the property in the year 1919, and the gas from the well was used in drilling operations on other leases. The gas was also piped into the home of plaintiff for domestic purposes and used during the time of operation. For some reason not made clear by the record the defendant discontinued the use of the gas from this well and discontinued furnishing gas on the premises of the plaintiffs. The gas had been shut in and the use of the well discontinued for two years prior to the commencement of this suit on May 25, 1922. A witness for the defendant testified that the Lone Star Gas Company took its entire gas production, and further testified that the gas company could not receive the gas production from the well in question on account of its low

pressure. As before stated, the further right of the defendant to operate under the oil and gas lease, after the expiration of the five-year period, was made to depend upon its ability to produce oil or gas from the premises. This issue of fact was involved in the trial of the cause, and the finding of the issues of fact in favor of the plaintiffs carried with it a finding against the defendant upon this particular issue.

We have carefully examined the evidence introduced in this cause, and do not find that the judgment of the trial court is against the weight of the evidence. It is a rule in cases of equitable cognizance that this court will weigh the evidence, but the judgment of the trial court will not be reversed where it is not clearly against the weight of evidence. Black v. Donelson, 79 Okla. 299. 193 Pac. 424; Potter v. Ertel, 80 Okla. 67, 194 Pac. 201; Harper v. James. 82 Okla. 186, 199 Pac. 209; Etchen v. Texas Co., 82 Okla. 62, 199 Pac. 212.

On May 11, 1921, a suit was pending between the parties in connection with the lease involved in this case, and a contract was entered into between the parties settling the questions in dispute. However, the questions involved in this case were not covered by the prior suit or compromised by the contract, hence the contract is not material in considering this appeal.

Therefore it is recommended that the judgment in this cause be affirmed.

By the Court: It is so ordered.