**PARKS, Trustee, v. DE ARMAN.**

No. 11908—Opinion Filed Nov. 27, 1923.

**1. Appeal and Error—Review of Equity Case—Insufficiency of Evidence.**

In reviewing a case of purely equitable cognizance, this court will consider and weigh the evidence, but will not reverse the cause on account of insufficient evidence unless the judgment of the trial court is clearly against the weight of the testimony.

**2. Same—Affirmance.**

Record examined, and held to support the judgment of the court.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by F. W. Parks, as trustee, against Tully DeArman for specific performance of a coal lease on the real estate described in the petition and for certain relief by injunction. Judgment for defendant, and plaintiff brings error. Affirmed.

F. B. Latham and A. C. Markley, for plaintiff in error.

Counts & Counts, for defendant in error.

Opinion by STEPHENSON, C. Heretofore the Pomeroy Coal Mining Company was the owner and holder of a certain lease on the real estate described in plaintiff's petition. One Edward G. Berlin was the owner of the fee in the land covered by the coal lease.

Later the owner of the fee sold and conveyed all his rights in the property by warranty deed to the defendant. Thereafter Tully DeArman, the defendant, served written notice on the coal company that he thereby canceled the coal lease for failure to pay the royalty, failure to operate the mine, and in negligently operating the mine in such a manner as to destroy the same for mining coal. Later the coal company was adjudged a bankrupt and F. W. Parks was appointed as trustee. Thereafter F. W. Parks commenced his action in the district court of Pittsburg county against the defendant, in which the foregoing facts were set up. It was further alleged by the plaintiff that Arthur DeArman, an officer of the company, and the wife of the latter conspired with the defendant to enable the latter to purchase the fee from the owner and then cancel the coal lease to the damage of the coal company. After the defendant acquired title he refused to accept the royalty for the reasons set forth in his notice of cancellation of lease to the coal company. The plaintiff prayed that the defendant be compelled to perform the conditions of the lease contract, and be perpetually enjoined from interfering with the plaintiff's possession of the property and from claiming any rights in said property on account of the pretended written cancellation of the lease. The lease provided for the payment of $25 per month as a minimum royalty and 10c per ton for all coal produced from the mine, and further provided that the mining be done with due diligence and care for the preservation of the mine and property. In a trial of this cause judgment went against the plaintiff and for the defendant. The plaintiff has brought this cause by way of appeal to this court for review and assigns error for reversal: (a) Principally the insufficiency of the testimony to support the judgment for defendant and against the plaintiff. Without passing upon the question of plaintiff's right to the relief prayed for, or whether the so-called written notice of cancellation of the lease operated to cancel the lease, we will consider the sufficiency of the evidence to support the judgment In considering this question the owner of the land had a legal right to sell the fee to the defendant, and the latter had a perfect right to take the conveyance. The continuation of the lease depended upon the performance of its condition by the coal company or its assignees. The evidence does not show any acts upon the part of defendant in conjunction with the officers of the company, whereby the corporation was caused to commit acts in violation of the terms of the lease, if there was any such breach. In reviewing a case of purely equitable cognizance this court will consider and weigh all the evidence, but will not reverse the judgment on account of insufficiency of evidence unless the judgment of the trial court is clearly against the weight of the testimony.

We have carefully examined the evidence introduced in this cause, and do not find that the judgment of the trial court is against the weight of the evidence. In fact, the findings of the court are supported by the proof introduced in the cause. Gypsy Oil Co. v. Ponder et al., 92 Okla. 181, 218 Pac. 663.

It is therefore recommended that the judgment be affirmed.

By the Court: It is so ordered.