## NORRIS v. AMERICAN VACUUM SYRINGE CO. et al.

No. 11442—Opinion Filed Nov. 27, 1923.

1. **Appeal and Error—Sufficiency of Evidence— Equity Case.**

In reviewing a case of purely equitable cognizance, this court will consider and weigh all the evidence, but will not reverse the case on account of insufficient evidence unless the judgment of the trial court is clearly against the weight of the testimony.

2. **Same—Affirmance.**

Record examined; held to be sufficient to support the judgment.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by Warren J. Norris to cancel and rescind transfer of stock by plaintiff to Ewers White, the stock being issued to the plaintiff by the American Vacuum Syringe Company. Judgment for defendant. Plaintiff brings error. Affirmed.

F. A. Rittenhouse, for plaintiff in error.

Goode & Dierker, for defendants in error.

Opinion by STEPHENSON, C. The plaintiff commenced his action against Ewers White and the American Vacuum Syringe Company, to cancel certain stock issued to the plaintiff by the corporation, and transferred by the plaintiff to the defendant under an alleged contract between them for certain services to be performed by the defendant for the corporation in its promotion. The plaintiff alleged as grounds for cancellation that a contract was entered into by and between the plaintiff and defendant White to the effect that plaintiff would transfer and assign to the defendant $25,500 of the corporate stock of the other defendant in error, issued to the plaintiff by the corporation for a certain patent sold and assigned by the plaintiff to the corporation. The plaintiff further alleged that for the transfer of the stock the defendant represented that he would sell a certain portion of the stock issued and owned by the company, assist in financing the company, and put it on its feet as a going business concern. The plaintiff further alleged that the defendant represented that he would promote the company in a way and manner to make it a profitable business concern which would result in profitable dividends to the plaintiff on his stock in the concern. It appears from plaintiff's testimony, a written draft of the matters agreed on was prepared and forwarded to the plaintiff for execution between the parties. The plaintiff testified that he placed the blank contract in the bank with other papers and that in some way it became misplaced. The plaintiff further alleged and testified that the defendant agreed to execute the contract but neglected from time to time to so do, and that a written contract was never signed by the parties. The plaintiff further alleged that the stock to the amount of $25,500 was transferred to the defendant pursuant to the contract but that defendant failed and refused to make a going business concern out of the corporation, and by reason of such misrepresentation upon the part of the defendant, prays the cancellation of the transfer and revesting title in plaintiff. The evidence of plaintiff substantially supports the allegations of his petition. The defendant alleged and testified, in substance, that it was agreed between the parties that the stock should be divided between them and

that the defendant would use his best efforts to make the corporation a successful business concern. It appears from the evidence that the defendant made a trip to Nebraska to arrange for the sale of the merchandise manufactured by the corporation, and two or three trips to other points. The defendant further testified to securing financial assistance for the corporation in the way of two or three small loans. The defendant further testified that he used his best efforts in the undertaking to make the corporation a successful business concern, in compliance with the contract under which he received the transfer of stock from the plaintiff. There was a sharp conflict in the testimony between the parties as to the terms of the contract under which the plaintiff assigned and transferred the stock to the defendant. A judgment for either party would have been amply supported by the testimony.

In reviewing a case of purely equitable cognizance this court will consider and weigh all the evidence, but will not reverse a case on account of insufficiency of testimony, unless the judgment of the trial court is clearly against the weight of the testimony. It was the duty of the trial court in arriving at its judgment to weigh and consider all the testimony and in arriving at its judgment it had the benefit of the presence of the witnesses, and the opportunity to observe the manner and demeanor of the witnesses while testifying, and their interest, if any, manifested in the outcome of the case. From a consideration of all these matters the trial court found the issues in favor of the defendant. There is testimony on the part of the defendant to support the judgment of the trial court. The judgment of the trial court not being against the weight of the testimony, it ought to be affirmed. Gypsy Oil Co. v. Ponder, 92 Okla. 181, 218 Pac. 663.

By the Court: It is so ordered.