## CHAMBERS et al. v. INVESTORS SYNDICATE.

No. 21112. Opinion Filed Nov. 17, 1931.

Rehearing Denied Jan. 12, 1932.

N. B. Day and John Q. Chambers, for plaintiffs in error.

Yancey, Spillers & Fist, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Tulsa county denying the petition of the plaintiffs in error to vacate a judgment rendered against them in favor of the defendant in error. Since the order from which the appeal is taken was made upon the petition of the plaintiffs in error, they hereinafter will be referred to as plaintiffs and the defendant in error hereinafter will be referred to as the defendant.

The district court of Tulsa county rendered a judgment in favor of the defendant against the plaintiffs and others on the 5th day of June, 1929. On the 11th day of January, 1930, the plaintiffs and Clementine Fry filed a petition in that court for the purpose of securing an injunction against the enforcement of that judgment and for the purpose of having that judgment set aside. A trial

was had on that petition and the trial court denied the relief prayed for. Clementine Fry did not appeal, and that judgment is final as to her.

The basis of the claim of the plaintiffs that the judgment of June 5, 1929, should be vacated, is that that judgment was obtained by the fraud of the defendant, the fraud alleged being that the defendant advised the attorney for the plaintiffs that, if he would agree to the entry of a judgment in the action, the attorney for the defendant would agree that, upon the request of the attorney for the plaintiff, the defendant would have the judgment set aside and that the attorney for the defendant further agreed with the attorney for the plaintiffs that he would furnish him a statement in writing to that effect.

The record shows that on April 5, 1929, there was filed in the original cause a stipulation which, with formal parts omitted, was as follows:

"It is hereby stipulated and agreed by and between the plaintiff herein, Investors Syndicate, and the defendant John Q. Chambers, and upon consideration of $50 now paid by said defendant, receipt of which is hereby acknowledged, to the plaintiff herein, that the said defendant John Q. Chambers will pay $50 each week, commencing on the 12th day of April, 1929, and continuing each succeeding week thereafter until all the delinquent payments, together with costs, interest, and attorney's fees on the note sued on in this cause have been paid in full, to date, then plaintiff to dismiss this case without prejudice. That in the event said defendant John Q. Chambers should fail to make such payments weekly as herein agreed, that the plaintiff, Investors Syndicate, shall have judgment on the note and for foreclosure of the mortgage as in the petition prayed for."

That stipulation was referred to in the judgment of June 5, 1929.

Upon a hearing of the petition to vacate, the trial court, on the 18th day of January, 1930, gave the plaintiffs an opportunity to pay the amount due on the note secured by the mortgage within five days, or until 9 o'clock on the 24th day of January, 1930, and the cause was passed until 9 o'clock a. m., January 24, 1930, pending the settlement, the order of that date being as follows:

"It is hereby ordered that said defendants John Q. Chambers and Ollie M. Chambers pay all of the delinquent payments that would be due on the note and mortgage involved in this cause were the same not canceled in judgment, and pay all taxes against said premises for the years 1928 and 1929, and the costs of this action and an agreed attorney's fee of $100 as provided in said note, on or before nine (9:00) a. m. on January 24, 1930, to the attorneys for the plaintiff at that hour on that date or the petition of the defendants John Q. Chambers and Ollie M. Chambers for injunction and for order setting aside the judgment, be dismissed and expunged from the records in said case and the temporary restraining order heretofore issued in said cause be dissolved. In the event said payment, together with the taxes, attorney's fee and costs of this action, as heretofore set forth, are so paid by said hour on said date, then and in that event the judgment heretofore rendered in said cause on the 5th of June, 1929, may be set aside and said note and mortgage reinstated as though the actions or proceedings had been brought thereon."

Thereafter, and on the 24th day of January, 1930, the trial court entered a judgment for the defendant against the plaintiffs as follows:

"It is therefore considered, ordered, adjudged, and decreed that the petition of the defendants John Q. Chambers and Ollie M. Chambers, filed herein, praying for an injunction and for an order setting aside judgment, be and the same is dismissed and expunged from the records of this case, and the temporary restraining order heretofore issued in this case, be and the same is hereby dissolved, and the former judgment heretofore rendered in said cause on the 5th day of June, 1929, be and the same is hereby declared to be valid and subsisting judgment of this court; and the clerk of this court is hereby authorized upon the filing of praecipe for the same, to issue a special execution and order of sale, pursuant to the judgment of this court heretofore rendered on the 5th day of June, 1929. Defendants except; exception allowed.

"Luther James, District Judge."

—after a finding, as follows:

"And upon the oral testimony of witnesses sworn in open court, the court further finds that the defendants John Q. Chambers and Ollie M. Chambers have wholly failed and neglected to make such payments in accordance with the order of this court, or any part thereof."

We do not consider it necessary to call attention to or discuss the various contentions made by the plaintiffs in this case. They were in a court of equity seeking relief in equity against the foreclosure of a mortgage on property which they had purchased subject to the mortgage. The trial court gave them an opportunity to pay the amount delinquent under the terms of the mortgage and to thereby reinstate the mortgage. They did not do so. If the verbal agreement relied on by the plaintiffs was made, that fact alone did not entitle the plaintiffs to have the judgment in foreclosure vacated, for it was admitted that the

payments of $27.50 a month agreed to be made were not made, and that they were in default "around $275 or $300." The plaintiffs certainly could not come into a court of equity in default under an agreement on which they relied and ask the court to give them relief, when they had been in default for "thirteen or fourteen months there." At the conclusion of the testimony the court gave the plaintiffs five days in which to conform to the agreement that they admit was made. On their failure to do so, there was no error in the trial court in denying their prayer for relief and in entering a judgment in conformity to the judgment of June 5, 1929.

This is an equity case and the rule applicable to reviewing the evidence is as follows:

"In reviewing a case of purely equitable cognizance, this court will consider and weigh the evidence, but will not reverse the cause on account of insufficient evidence unless the judgment of the trial court is clearly against the weight of the testimony." Parks v. De Arman, 94 Okla. 28, 220 P. 619.

The judgment of the trial court is not clearly against the weight of the evidence, and that judgment is in all things affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and KORNEGAY, JJ., concur. McNEILL, J., not participating.