WADE v. LILLARD et al.

No. 33361. June 21, 1949.

*207 P. 2d 771.*

Wimbish & Wimbish, of Ada, for plaintiff in error.

Thompson & Braly and Silas H. Freeman, all of Ada, for defendants in error.

LUTTRELL, J. George W. Wade, Jr., hereafter called plaintiff, brought an action against L. W. Larson and Rufus Lillard to enjoin the removal of casing from a gas well on 40 acres owned by the plaintiff and on which he resides.

The evidence discloses that in 1915 Minnie Wade, mother and at that time guardian of plaintiff, executed and delivered an oil and gas mining lease to James A. Mascho and L. H. Owens. The defendant, L. W. Larson, is the ultimate grantee by assignment of 40 acres of the original 160 acres leased. This assignment was executed by Ramsey Petroleum Company in 1938. At that time there was a gas well on the premises and at the time of the commencement of the action plaintiff was using gas from this well for household purposes.

For the purpose of operating the lease it was divided into the north one-half and the south one-half of the 160 acres. The record is silent as to the nature of the production, the time of drilling of any wells or the amount of production of either oil or gas from any of the wells under the lease. It is not disputed that on the 80 acres containing the 40 acres possessed by the plaintiff there were other producing wells. After defendant Larson acquired title by assignment in 1938 he moved upon the premises and commenced to clean out the well. There was no further attempt to produce the well. There was never any showing that it ever produced oil or gas in paying quantities.

During the term of the lease and after Larson had acquired his interest, plaintiff had used other wells on the premises for the purpose of furnishing gas to his household. On the 29th day of January, 1947, the Department of Interior, having charge of leases and being in charge of the lease in question because the plaintiff is a restricted Indian, notified defendant Larson that production had ceased on the other parts of the lease and that he would either be required to place the well in question on production or proceed to plug the well as required by law. On February 3, 1947, defendant Larson gave the required notice to terminate the production of the well and the Department approved the action upon the notice and the defendants were commencing to remove the casing prior to plugging the well when this action resulted. Plaintiff has never received any revenue or rentals from the defendant Larson. A trial to the court resulted in a judgment for defendants, and plaintiff appeals.

The lease provides 60 days after the termination of the lease in which to remove the casing. It is not argued by the plaintiff that the defendants do not have the right to remove the casing under the terms of the lease within 60 days after the termination thereof. Where a lease so provides the parties have the time given in the lease after abandonment or cessation of production in which to remove the casing. Rennie v. Red Star Oil Co., 78 Okla. 208, 190 P. 391; Tyler v. Wilhite, 97 Okla. 159, 222 P. 997. See, in this connection, annotation following Moore v. Carey, 39 A.L.R. p. 1255.

It is first contended by plaintiff that since, after the defendant Larson acquired his interest in 1938, there was no attempt to produce the well, he had in fact abandoned the premises. Plaintiff cites in support of this contention Rees v. Adams, 140 Okla. 256, 283 P. 231. There was no abandonment of the leased premises in the case at bar. The evidence shows without dispute that there was production in paying quantities from other wells on the lease up to and including the time when the Department notified the defendant Larson that production had ceased on the other wells on the lease and that it was necessary to produce the well or plug and abandon the same.

The second proposition is that the trial court erred in not construing the entire contract and erred in construing the part of the contract favorable to the defendant and ignoring the parts of the contract favorable to the plaintiff. Citing in support of this proposition, Prowant v. Sealy, 77 Okla. 244, 187 P. 235; Friend v. Southern States Life Ins. Co., 80 Okla. 76, 194 P. 204; George v. Curtain, 108 Okla. 281, 236 P. 876; Gypsy Oil Co. v. Ponder, 92 Okla. 181, 218 P. 663; New State Oil and Gas Co. v. Dunn, 75 Okla. 141, 182 P. 514; Concho Washed Sand Co. v. Huntsberger, 171 Okla. 486, 43 P. 2d 120. These cases all deal with what constitutes production of oil and gas in paying quantities with the exception of Friend v. Southern States Life Ins. Co. and Concho Washed Sand Co. v. Huntsberger, supra. The evidence is sufficient to establish that the defendants were attempting to remove the casing within 60 days after production in paying quantities.

In a third proposition it is argued that the defendants cannot by their own acts escape complying with their own contract. Again it is argued that it is the duty of the defendants to produce gas from the well or to furnish gas to the plaintiff under the terms of the contract. Plaintiff was only entitled to production from the well as long as the lease was being operated for commercial purposes. Plaintiff cites and relies upon Loudenback Fertilizer Co. v. Tennessee Phosphate Co., 121 Fed. 298. Therein the parties had entered into a contract for the furnishing of rock for the production of fertilizer. The party contracting for the use of the rock abandoned the contract for two years and attempted thereafter to return to the terms of the contract and operate under its provisions. Obviously the court was correct in determining that the party could not terminate the contract, abandon it for two years and then require the other party to comply with the terms thereof.

A final statement in the third proposition is that the court committed error in not allowing plaintiff the statutory time within which to file answer to the defendants' cross-petition. The cross-petition asked that the court enjoin the plaintiff from interfering with the defendants in removing the casing from the well. This point is not argued except in a four line statement. No prejudice is shown by the action of the trial court in this respect.

The judgment of the trial court is affirmed.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, CORN, GIBSON, JOHNSON, and O'NEAL, JJ., concur.