288 P.2d 452

**WESTERN DEVELOPMENT COMPANY, a corporation, Plaintiff and Respondent,**

v.

**Arthur H. NELL and Lorna V. Nell, his wife, and Luella T. Voorhees, Defendants and Appellants,**

**D. S. Baker, Defendant,**

**Mountain Fuel Supply Company, a corporation, Third-Party Defendant and Respondent,**

and

**Henry I. Voorhees and Aileen Voorhees, his wife, and Hillard Voorhees and Pearl Voorhees, his wife, Third-Party Defendants and Appellants.**

No. 8293.

Supreme Court of Utah.

Oct. 11, 1955.

precious and valuable ores, minerals, mines and mining rights.

"Reserving unto the said grantor, its successors and assigns rights-of-way for roads, railroads, telegraph and telephone lines, water pipe lines, depot grounds and grounds for building coal mine appurtenances of all kinds by paying therefor to the party of the second part at the rate of Six Dollars per acre.

"Reserving unto the said grantor, its successors and assigns the further right to go upon the surface of the premises herein conveyed, to prospect for coal, gold, silver, lead, copper and other precious and valuable ores and also for the purpose of making surveys for any and all purposes.

"Reserving unto the said grantor, its successors and assigns the further right to any and all timber on the surface of the premises herein conveyed, except sufficient timber of aspen quality for corral and road purposes, which is hereby reserved to the party of the second part.

"Reserving unto the said grantor, its successors and assigns the further right to any and all waters that may be developed through tunnels or other underground workings made or used by the party of the first part."

Whatever title Isaac D. Voorhees obtained to oil and gas in Tract I by this deed

Gustin, Richards & Mattsson, Richfield, for appellants.

Rich, Elton and Mangum and B. Z. Kastler, Salt Lake City, for respondents.

McDONOUGH, Chief Justice.

The appellants are defendants and third-party defendants in two civil actions instituted by Western Development Company to quiet title to gas and oil rights in two tracts of land, here identified as Tract I and Tract III.

On March 29, 1916, the Knight Investment Company deeded Tract I to Isaac D. Voorhees, predecessor in interest of the Appellants Henry I. and Hillard Voorhees, with the following reservations:

"Reserving unto the said grantor, its successors and assigns all the coal, gold, silver; lead, copper and other

now belongs to the appellants Henry I. and Hillard Voorhees as his successors in interest; whatever title was retained by Knight Investment Company is now owned by the respondent Western Development Company, subject to its Oil and Gas Lease to Mountain Fuel Supply Company.

On April 3, 1916, Isaac D. Voorhees conveyed to Knight Investment Company certain rights in the second piece of property, Tract III, in the following language:

"Witnesseth, That the parties of the first part * * * do grant, bargain, sell and convey * * * unto the said party of the second part, its successors and assigns, all the coal, gold, silver, lead, copper and other precious and valuable ores, minerals, mines and mining rights lying or being in Sevier County State of Utah, to-wit:

(description of lands)

"Together with rights of way for roads, railroads, telegraph and telephone lines, water pipe lines, depot grounds and grounds for building coal mine appurtenances of all kinds, by paying therefor to the parties of the first part at the rate of $6.00 per acre.

"Together with the further right to go upon the surface of the premises herein conveyed to prospect for coal, gold, silver, lead, copper, and other precious and valuable ores and also for the purpose of making surveys for any and all purposes.

"Together with the further right to any and all timber on the surface of the premises herein conveyed, except sufficient timber of aspen quality for corral and road purposes, which is hereby reserved to the parties of the first part.

"Together with the further right to any and all waters that may be developed through tunnels or other underground workings made or used by the party of the second part."

The rights which Knight Investment Company acquired in Tract III by this deed now belong to its successor in interest, respondent Western Development Company; the title not conveyed by this deed belongs to appellants Arthur H. and Lorna V. Nell and Luella T. Voorhees as successors to Isaac D. Voorhees.

The lower court held that the title to gas and oil in these two tracts of land was in Western Development Company, construing the word "minerals" as including gas and oil.

Although no similar case has arisen in the State of Utah, the problem of the interpretation of a deed, usually an old one, where "minerals" or "mineral rights" have been reserved and oil and gas have subsequently been discovered on the land is one which has been frequently treated in other jurisdictions. Were the only question involved the construction of the first paragraphs of both the reservation and

the grant in the instant case, we would have no hesitation in endorsing and applying the majority rule that a reservation of "minerals" retains the rights to gas and oil, unless a contrary intention is manifested. See 86 A.L.R. 986 and Nephi Plaster & Mfg. Co. v. Juab County, 33 Utah 114, 93 P. 53, 14 L.R.A.,N.S., 1043, holding that the expression "minerals" is not confined in meaning to metals. However, as counsel for appellants suggests in his excellent brief, cases construing minerals as including oil and gas are not necessarily opposed to those reaching an opposite result as regards the particular instrument under construction, since the intention of the parties controls in the interpretation, 16 Am.Jur. 527, and where the intention of the parties can be ascertained from the instrument, arbitrary rules of law as to construction will not be invoked, Haynes v. Hunt, 96 Utah 348, 85 P.2d 861.

The deeds in question, in addition to granting specifically enumerated hard minerals and "other precious and valuable ores, minerals, mines and mining rights" further convey or reserve easements appropriate to mining * * * i. e., "Grounds for building coal mine appurtenances," and the right "to prospect for coal, gold, silver, lead, copper and other precious and valuable ores." There are no reservations or grants equally appropriate to the development of oil upon the land. While it is true that the absence of references to rights and privileges connected with oil development has been held to demonstrate a lack of intention to convey gas and oil, McKinney's Heirs v. Central Kentucky Natural Gas Co., 134 Ky. 239, 120 S.W. 314, 20 Ann.Cas. 934; Detlor v. Holland, 57 Ohio St. 492, 49 N.E. 690, 40 L.R.A. 266; Rock House Fork Land Co. v. Raleigh Brick & Tile Co., 83 W.Va. 20, 97 S.E. 684, 17 A.L.R. 144; Huie Hodge Lumber Co. v. Railroad Lands Co., 151 La. 197, 91 So. 676, the modern trend is apparently to give greater weight to the strict definition of the term "minerals" and to interpret the easements appropriate to mining as merely additional surface rights. See 37 A.L.R.2d 1441, sec. 2; Shell Oil Co. v. Dye, 7 Cir., 135 F.2d 365; Scott v. Laws, 185 Ky. 440, 215 S.W. 81, 13 A.L.R. 369; Delta Drilling Co. v. Arnett, 6 Cir., 1950, 186 F.2d 481, certiorari denied 340 U.S. 954, 71 S.Ct. 574, 95 L.Ed. 688, rehearing denied 341 U.S. 917, 71 S.Ct. 735, 95 L.Ed. 1352; Sellars v. Ohio Valley Trust Co., Ky., 248 S.W.2d 897.

■ One line of cases views descriptions of rights to be exercised in the removal of sub-surface values as restricting the grant whereas the other line of cases interprets such rights as enlarging or adding to the grant. With such confusion in the authorities and because logic compels us to recognize as valid either interpretation, we hold that the deeds are ambiguous, thus allowing the consideration of extrinsic evidence as to the situation of the parties at the time of execution, the circumstances surrounding the transactions, and the intent of the parties. See Hudson & Collins v.

McGuire, 188 Ky. 712, 223 S.W. 1101, 17 A.L.R. 148.

■ The trial court admitted the extrinsic evidence offered by appellants, but determined the issue of intent against them. The burden of persuasion remained with the parties who asserted that the grantor in both deeds here under consideration intended to convey less than the estate attributed by law to the word "minerals," and hence, we must examine that evidence to determine whether or not it is of such substance as to compel a finding that oil and gas rights were not intended to be included in the reservation and grant.

Articles of Incorporation of the Knight Investment Company were introduced and appellants claim that the avowed purpose of the corporation to "Conduct the business of mining, smelting, milling" indicates that the corporation was interested in obtaining merely the rights to ores which would be processed in such a manner. However, the corporation's powers were not limited to that phrase. Enumerated also were purposes of "general merchandising, buying and selling stocks and bonds, buying and selling choses in action, farming, ranching, breeding all kinds of livestock, buying and selling real estate, acquiring water rights for irrigation and power purposes, constructing power plants and electric light distribution systems and selling electric current, and in general engaging in and carrying on any kind of business, whether above named or not, which might be lawfully carried on and transacted by a natural or artificial person, and doing any and every thing incident thereto." We cannot say that, under such broad powers, drilling for oil would be ultra vires, nor do we conceive what bearing the specifically mentioned items in a document drawn in 1906 would have as to the intention of the company in executing the deeds in 1916.

■ Appellants claim that the fact that oil and gas development in the State of Utah, and particularly the area where these tracts are located, was at least of a minor nature in 1916 demonstrates that the parties did not have these elements in mind when they granted or retained sub-surface rights. With this we agree, but such a view is not inconsistent with the conclusion that the parties intended to deal with all the commercial values lying beneath the surface of the land. Concerning the significance of historical circumstances, the authorities are in conflict, some holding that a lack of local development is sufficient evidence from which to conclude that oil and gas were not intended to be conveyed, Missouri Pac. R. Co. v. Strohacker, 202 Ark. 645, 152 S.W.2d 557; Huie Hodge Lumber Co. v. Railroad Lands Co., supra, and others holding contrary, Rowe v. Chesapeake Mineral Co., 6 Cir., 156 F.2d 752, certiorari denied 329 U.S. 776, 67 S.Ct. 190, 91 L.Ed. 667; Maynard v. McHenry, 271 Ky. 642, 113 S.W.2d 13. It appears to us that the mere fact that a particular mineral had not been discovered in that vicinity would not

preclude the granting of rights to such a mineral or limit a grant of "minerals" to something less general than all the substances legally cognizable as minerals.

Likewise, the inferences arising from other conveyances to which Knight Investment Company was a party are not persuasive of one view of the intention of the parties over the other. Tract II in this same area, deeded in 1920, was express in its terms as to oil and gas, and instruments drafted by the receiver of Knight Investment Company was equally express as to Tract II and followed the general wording as to Tracts I and III. Appellants claim that these circumstances are similar to an admission that oil and gas were not intended to be included in the reservation and grant of Tracts I and III. However, more careful draftsmanship in instruments subsequent to the ones in question can scarcely be regarded as an admission.

All the evidence introduced was equivocal in its meaning, and thus appellants have failed to prove by extrinsic evidence that the intention of the parties was other than to grant what is generally accepted as within the term "minerals." Appellants' further contention for the application of the rule of ejusdem generis also fails to aid them, for in addition to enumerating several valuable ores the granting clauses include "coal." Although all items listed have in common the quality of being "hard" minerals, coal is similar in composition and use to oil, being a hydrocarbon.

On this basis, being unable to determine whether the classification of the minerals granted should be approached from the view of use, physical characteristics, or value, courts have rejected the application of the doctrine. Shell Oil Co. v. Dye, supra; Luse v. Boatman, Tex.Civ.App., 217 S.W. 1096.

Affirmed. Costs to respondent.

CROCKETT, HENRIOD and WADE, JJ., concur.

WORTHEN, J., not participating.