**364 P.2d 826**

**OREGON SHORT LINE RAILROAD COMPANY, a Utah corporation, and Union Pacific Railroad Company, a Utah corporation, Plaintiffs and Respondents,**

**v.**

**IDAHO STOCKYARDS COMPANY, a Utah corporation, Defendant and Appellant.**

**No. 9405.**

Supreme Court of Utah.

Sept. 7, 1961.

---

3. Section 78–12–12, Utah Code Annotated 1953.

206

Hanson, Baldwin & Allen, Salt Lake City, for appellant.

Bryan P. Leverich, A. U. Miner, Scott M. Matheson and Gary L. Theurer, Salt Lake City, for respondents.

TUCKETT, District Judge.

The defendant appeals from judgment in favor of the Union Pacific Railroad Com-

pany. The Union Pacific Railroad Company will be referred to herein as the Railroad and the defendant as the Stockyards.

The Railroad brought this action seeking indemnity from the Stockyards upon a contract entered into by the parties. By the terms of the agreement the Stockyards agreed to furnish all labor required in feeding, watering, resting, and caring for livestock which has or will be transported over the Railroad's system. The Railroad was and is engaged in interstate commerce. The contract includes certain provisions whereby the Stockyards assume indemnities for personal injuries and property damage losses which result from or are in connection with the work carried on under the contract.

Section 14 of the contract, invoked here by the Railroad in support of its claim, provides as follows:

"In addition and subject to the other covenants of indemnity herein contained, the Contractor shall indemnify and hold harmless the Railroad Company from and against any and all claims, demands, losses, costs and expenses of whatsoever nature which may arise by reason of injury to or death of any of the representatives or employees of the Contractor, or by reason of damage to or loss of any property of the Contractor, or of his agents or employees, or of others when in the custody or control of the Contractor, when such injury, death, loss or damage results from or in connection with the carrying on of any of the work contemplated by this agreement; Provided, however, that the Contractor shall not be liable for any injury, death, loss or damage resulting solely and directly from the negligence of the Railroad Company, its officers, agents or employees."

Section 18 of the contract which may be an aid in determining the construction to be placed on the contract provides as follows:

"The agents and employees of the Contractor are not and shall not be considered as employees of the Railroad Company."

The indemnification which the Railroad seeks arose out of an accident which occurred on September 25, 1956, on the Stockyard Company premises. One Robert T. Nelson, an employee of the Stockyards, while working with another employee of the Stockyards was injured while engaged in loading baled hay on a truck. The fellow employee, Packer, dropped a bale of hay in such a manner that it struck Nelson and knocked him from the truck. As a result of the fall Nelson received personal injuries.

Nelson filed an action against the Railroad in the District Court of Salt Lake County seeking to recover for his injuries.

Nelson claimed that he was an employee of the Railroad under the provisions of The Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

After investigation and prior to trial the Stockyards was notified of the accident and the nature of Nelson's claim.

Prior to trial the Railroad compromised and settled Nelson's claim for $7,000. The parties here have stipulated that the settlement of Nelson's claim was reasonable and prudent and made in good faith.

In the instant case the trial court granted summary judgment in favor of the Railroad for the sum of $7,000, and at a subsequent hearing found that the Railroad had incurred expenses in the preparation and defense of Nelson's action in the sum of $500 and attorneys' fees in the sum of $500, and judgment against the Stockyards Company was awarded in the above amounts.

The Stockyards claims error on three grounds, viz., (1) That Nelson was an employee of the Railroad under the Federal Employers' Liability Act and was injured by the negligence of the Railroad; (2) That liability under the F.E.L.A. is not covered by the contract; (3) That the payment to Nelson was voluntary and the Railroad cannot now claim indemnity therefor.

■ A decision in this case must be predicated upon a construction of the contract here in question. No claim is made that the contract is ambiguous or uncertain. It remains for this court to determine the intention of the parties from the four corners of the instrument. 12 Am.Jur. Contracts, Section 227; Ephraim Theater v. Hawk, 7 Utah 2d 163, 321 P.2d 221; Western Development Company v. Nell, 4 Utah 2d 112, 288 P.2d 452; Boeing Airplane Company v. Fireman's Fund Indemnity Company, 44 Wash.2d 488, 268 P.2d 654, 45 A.L.R.2d 984.

■ The Stockyards contends that the Railroad is not entitled to be indemnified for Nelson's injuries in view of the following language of Section 14 of the contract:

"Provided however that the contractor shall not be liable for any injury, death, loss or damage resulting solely and directly from the negligence of the Railroad Company, its officers, agents and employees."

In construing this provision it must be remembered that Nelson was not in fact injured by an employee of the Railroad but by an act of Packer, who was an employee of the Stockyards. It will also be noted that the prior language of the same paragraph of the contract provides:

"The contractor [Stockyards] shall indemnify and hold harmless the Railroad Company from and against any and all claims, demands, losses, costs, and expenses of whatsoever nature which may arise by reason of injury to

or death of any of the representatives or employees of the contractor * * * when such injury, death, loss or damage results from or in connection with the carrying on of any of the work contemplated by this agreement."

■ The operation of the Stockyards was a part of the operational activities of the Railroad, even though by contract the work in connection herewith was being performed by the Stockyards. Under the circumstance the Railroad would be liable for the negligent injury of an employee of the Stockyards within the meaning of the Federal Employers' Liability Act. Sinkler v. Missouri Pacific Railroad Company, 356 U.S. 326, 78 S.Ct. 758, 2 L.Ed.2d 799.

It must be concluded that the parties when they entered into the contract had in mind the provisions of the F.E.L.A. and the law applicable thereto.

■ The Stockyards claims that the payment to Nelson as a settlement of his action against the Railroad was a voluntary payment and that the appellant is not liable for such payment. The Stockyards stipulated that the settlement was reasonable and prudent and made in good faith, but now contends that the payment to Nelson, having

been made without a determination that the Railroad was legally liable, amounted to a mere gratuity. The Stockyards had notice of the accident, Nelson's injuries, and the action filed against the Railroad. When the Stockyards failed to assume the defense of Nelson's action, the Railroad was in charge of the litigation and could make a reasonable and prudent settlement of the claim. Traders & General Insurance Company v. Rudco Oil & Gas Company, 10 Cir., 129 F. 2d 621, 142 A.L.R. 799.

The Railroad's cause of action is based upon the indemnities set forth in the contract, rather than upon the general law of torts.

Under the broad terms of the indemnity provisions of the contract, we are of the opinion that the Railroad is entitled to indemnity. Chicago, R. I. & P. R. Company v. Dobry Flour Mills, Inc., 10 Cir., 211 F.2d 785.

The judgment is affirmed. Costs to the respondents.

WADE, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

HENRIOD, J., does not participate herein.