Almeda SLOAN, Appellant,

v.

PEABODY COAL COMPANY, a
corporation, Appellee.

No. 75-1892.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 23, 1976.

Decided Jan. 3, 1977.

C. Rabon Martin, Tulsa, Okl., for appellant.

Dan A. Rogers, Tulsa, Okl., for appellee.

Before SETH and HOLLOWAY, Circuit Judges, and CHRISTENSEN, Senior District Judge *.

PER CURIAM.

This diversity action was commenced by appellant, Almeda Sloan, against Peabody Coal Company to recover damages for the mining of coal in which plaintiff claimed an interest under a mineral reservation in a general warranty deed. The plaintiff and her husband had conveyed the land to third parties who had leased for coal mining purposes to the defendant. The reservation of "minerals" in the conveyance by plaintiff is the subject of the litigation, and is governed by the law of Oklahoma.

The plaintiff reserved ". . . one-half of all the oil, gas and minerals in, on or under the surface of said lands." The reservation in question thus differs from the typical reservation of oil, gas, and other minerals in that the word "other" does not appear. The land is located and the conveyances were made in Oklahoma.

The defendant moved for summary judgment in the trial court, and the parties agreed that the only issue was a legal one. This was whether, under Oklahoma law, the reservation included coal. There were no Oklahoma court decisions directly in point. The trial court applied the state decisions concerned with oil, gas, and *other* minerals, together with related cases, and concluded that the Oklahoma courts would apply *ejusdem generis* in their construction of the phrase, and so decide that coal was not included in the reservation. Summary judgment was thus given for the defendant, and the plaintiff has taken this appeal.

The Oklahoma courts, in the application of their statutory and decisional law to the words "oil, gas, and other minerals," have held that such a reservation in a deed is not ambiguous. *Allen v. Farmers Union*

* Of the District of Utah, sitting by designation.

Co-operative Royalty Co., Okl., 538 P.2d 204; *West v. Aetna Life Ins. Co.,* Okl.App., 536 P.2d 393; *Panhandle Coop. Royalty Co. v. Cunningham,* Okl., 495 P.2d 108. In *Allen v. Farmers Union,* the court stated:

> "It is our opinion that the Spears' reservation, 'all oil, gas & mineral rights' has essentially the same meaning as 'all oil, gas and other minerals' as set forth by the *Panhandle* case . . . ."

Also the language ". . . in, on or under the surface of said lands," in the subject reservation is similar to the language found in the Oklahoma case law in cases concerning "other minerals," and no particular significance is attached to it. The trial court was correct in not admitting extrinsic evidence as to the intent of the parties.

The plaintiff urges in substance that in view of the fact that coal is concerned, a different rule of construction and as to ambiguity should apply, but we cannot agree. Nor does any chemical similarity between coal and oil lead to a different result.

◼ The trial court also properly applied the rule of *ejusdem generis* in its construction of "oil, gas, and minerals." The existence and application of the rule is well established in Oklahoma in construing "oil, gas, and other minerals." Thus ". . . where general words follow the enumeration of particular classes of minerals, the general words will be construed as applicable only to minerals of the same general character or class as those enumerated." *Wolf v. Blackwell Oil & Gas Co.,* 77 Okl. 81, 186 P. 484.

◼ The trial court, in the absence of direct authority on the issue by way of Oklahoma state court decisions, made a determination of local law. We have long held that under these circumstances, the trial court's forecast is correct unless it is clearly wrong. *Pan American Petroleum Corp. v. Candelaria,* 403 F.2d 351 (10th Cir.). We here conclude that the trial court's decision is clearly correct.

AFFIRMED.