**UNITED STATES of America, Plaintiff,**

v.

**371.93 ACRES OF LAND, MORE OR LESS, SITUATE IN MONROE COUNTY, STATE OF MISSOURI, and Howard R. Shaw, et al., and Unknown Owners, Defendants.**

No. 78–903C(2).

United States District Court, E.D. Missouri.

Dec. 20, 1983.

---

**3.** This argument is advanced only by Schott & Company, Inc.

Edwin B. Brzezinski, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.

Millar, Schaefer & Horrmann, Gregory F. Hoffman, St. Louis, Mo., for defendants.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court on the motion of the plaintiff to determine the interest, if any, of the defendants Howard R. Shaw and Bonnie R. Shaw, his wife, in any fire clay underlying the north forty acres of Tract No. 1601. Both plaintiff and defendants have submitted memoranda of law in support of their positions. The Court will treat this motion as one for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[1]

The facts in the case are not in dispute,[2] and the sole issue before this Court is the legal effect of words of reservation contained within a warranty deed dated May 11, 1893, by which the Hannibal and St. Joseph Railroad Company conveyed the north forty acres of tract No. 1601 to one B.F. Griffith. The Hannibal and St. Joseph Railroad Company reserved unto itself and its assigns the "coal, oil, natural gas and all minerals in or upon said land." On July 24, 1974, Burlington Northern, Inc., the successor in interest to Hannibal and St. Joseph Railroad Co., subordinated whatever mineral rights it had in the tract to the United States.

Mr. and Mrs. Shaw acquired fee simple title to the instant tract by General Warranty Deed dated February 29, 1964. Thus, it must be determined whether or not Mr. and Mrs. Shaw acquired any interest in the mineral rights to the land, or whether the reservation in the May 11, 1893, deed reserved all the mineral rights to the Hannibal and St. Joseph Railroad Company and its successors in interest.

The defendants argue that the rule of *ejusdem generis* applies to the case at bar. The rule of *ejusdem generis* states that "where general words follow the enumeration of particular classes of minerals, the general words will be construed as applicable only to minerals of the same general character or class as those enumerated." *Sloan v. Peabody Coal Co.*, 547 F.2d 115, 116 (10th Cir.1977) (Quoting *Wolf v. Blackwell Oil and Gas Co.*, 77 Okl. 81, 186 P.

---

1. "The Rules of Civil Procedure for the United States district courts govern the procedure for the condemnation of real and personal property under the power of eminent domain, except as otherwise provided in this Rule." Federal Rules of Civil Procedure 71A.

2. Both plaintiff and defendants have stated that there is no material dispute of fact. Thus summary judgment is proper on this question of law. Rule 56 Federal Rules of Civil Procedure.

484). Thus, under this analysis fire clay would not be of the same class as coal, oil, and gas and, therefore, the defendants would retain an interest in all minerals other than coal, oil, gas and like minerals.

The plaintiff asserts that the better reasoned rule interprets a grant or reservation that includes certain specific minerals and the phrase "all other minerals" as literally including all other minerals without regard to their particular classification. *Western Development Company v. Nell*, 4 Utah 2d 112, 288 P.2d 452 (1955); *New Mexico and Arizona Land Co. v. Elkins*, 137 F.Supp. 767 (D.C.N.M.1956).

"Construction of the and other minerals clause has not been uniform and has been the source of abundant litigation." 3 C. Martz, *American Law of Mining* § 15.16 at 165 (1960); Reeves, *The Meaning of The Word "Minerals"*, 54 North Dakota L.Rev., 419, 446–450 (1978). There exists no Missouri case on point, thus, this Court must determine what rule would be followed by the Missouri courts were they faced with the issue.

■ The Court is persuaded that the better reasoned view is that the "and other minerals" clause provides for the literal inclusion of all minerals. There often arises a need to convey certain specified interest as well as all other mineral rights and the easiest manner for parties to convey certain specific minerals and all other minerals is through the simple phrase "all other minerals." This is particularly true when, as in the case at bar, the rights to oil, gas, and coal are concerned. There exists some dispute as to whether a general conveyance of mineral rights includes nonmetallic substances such as coal, oil, and gas. *Martz, supra*, at 162–63. Thus in order to convey oil, gas, coal, and all other mineral rights, a grantor might well just list them as such, and then append the phrase all other minerals.

If, however, the grantor desired to limit the grant to certain specified minerals and all like substances, this could easily be accomplished by the use of a limiting term such as "all *like* minerals" rather than the

general *all* minerals. Thus the literal reading of the term *all* minerals more readily conforms to the likely intent of the parties than an artificial rule of construction such as *ejusdem generis*. Yet another problem with the *ejusdem generis* rule is the difficulty in determining what are similar minerals. For example, does the phrase "oil, gas, and all other minerals" under the *ejusdem generis* rule mean all other hydrocarbons, all other energy related minerals, all other energy producing minerals, or all other liquid and gas minerals?

■ Thus, this Court determines that Missouri would not follow the *ejusdem generis* rule. The phrase "and all other minerals" is intended to provide for the inclusion of all minerals. There is an exception, however, when the extraction of the mineral in question would virtually destroy the surface of the land through the use of such techniques as strip mining, the mineral then is not to be included in the estate conveyed or reserved. If the minerals described in the conveyance contemplate underground operations, such clauses exclude deposits that must be quarried from the surface. *Martz, supra*, at 166.

In the case at bar the reservation of mineral rights does not involve only minerals that may be extracted through underground procedures, in that the reservation specifically states "minerals in *or upon said land*" (emphasis supplied). This language contemplates that minerals may be removed even from the surface of the land.

Furthermore, this interpretation is consistent with Missouri law concerning the construction of deeds in that the principal role of construction seeks to ascertain the intention of the parties. *Kerrick v. Schoenberg*, 328 S.W.2d 595, 599 (Mo.1959). This Court holds that in the case at bar the intention of the parties to the 1893 deed was to reserve all mineral rights, not just those similar to coal, oil, and natural gas. Thus, the United States as the successor in interest to the original 1893 reservation has acquired all mineral rights to the tract in question. In addition it is clear that fire

clay is a mineral, *Georgia Kaolin Co. v. United States*, 214 F.2d 284, 286 (5th Cir. 1954), and is thus included in the reservation all minerals.