## SMITH v. TULL et al.

No. 24558.    April 9, 1935.

Edwards & Robinson, for plaintiff in error.

Twyford and Smith, for defendant in error Clara M. Tull.

Hoyt & Stevens, for defendants in error Gulf Production Company and W. B. Weston.

PER CURIAM. This action was commenced on the 19th day of April, 1932, upon a petition that alleged the execution of an oil and gas lease on the 27th day of October, 1931, and a contract providing for the escrow of the oil and gas lease in a bank. The oil and gas lease provided that a well should be commenced on the property described therein within 90 days from the date thereof, October 27, 1931, or the lease would terminate as to both parties.

The escrow contract also provided for the commencement of a well on the land within 90 days from the date thereof, the 27th day of October, 1931, and other obligations.

The oil and gas lease was executed by Clara M. Tull, as lessor to, W. B. Weston, as lessee. The escrow contract was executed by W. B. Weston and M. T. Smith, parties of the first part, and Clara M. Tull, as party of the second part. It seems to be conceded that W. B. Weston was the owner of three-fourths and M. T. Smith one-fourth of the oil and gas lease.

The contract provided that Weston and Smith would execute and deliver to Clara M. Tull a bond in the sum of $2,500 conditioned, within 90 days from the date of the lease and contract, to commence the drilling of a well and to complete the same with due diligence to a depth of 6,500 feet.

The plaintiff alleges in her petition the breach of the terms and conditions of the escrow contract, in that they obtained possession of the lease contract by fraud and recorded the same and assigned the same to the Gulf Production Company; that they did not commence a well on said premises within 90 days from the 27th day of October, 1931, and had not commenced a well at the time of the filing of the suit, on the 19th day of April, 1932; that if a well was commenced, the defendants had wholly failed to prosecute the drilling of the same with due diligence.

The defendants Gulf Production Company, W. B. Weston, and M. T. Smith filed a joint answer in which the execution of the contract was admitted, but denied the breach thereof, and alleged that on the 18th day of December, 1931, they commenced operations for the drilling of a well, within the meaning of the contract.

The defendants further pleaded the modification of the escrow contract, as to the bond and the execution of the oral contract; that on the 26th day of February, 1932, the plaintiff and the defendants mutually withdrew the oil and gas lease from escrow, and that thereupon it was delivered to the defendants Weston and Smith, without conditions or restrictions whatsoever, and with full knowledge upon the part of plaintiff of all the facts and circumstances in connection with the operations of the defendants' leasehold estate.

The defendants further allege the ownership of the oil and gas lease, three-fourths by W. B. Weston and one-fourth by M. T. Smith, and the assignment of the oil and gas lease on March 7, 1932, to the Gulf Production Company, and that the Gulf Production Company was holding a one-fourth interest thereof in trust for M. T. Smith. There seems to be no contention over this state of facts as to the ownership of the oil and gas lease.

The defendants, further answering, allege that after the 26th day of February, 1932, they built a rig and performed other work upon the leasehold estate, with the knowledge and consent of the plaintiff, Clara M. Tull, and that the Corporation Commission approved the derrick on the 9th day of April, 1932.

The defendants then pleaded that the plaintiff was estopped from claiming that

the lease was not properly delivered and was void.

There was a further plea in the answer and by way of a cross-petition for quieting the title in the leasehold estate in the defendants. The testimony in the case discloses the execution of the lease, the escrow agreement, the placing of the same in escrow, the withdrawal of the escrow and delivery of the lease to the defendants, the assignment by Weston to the Gulf Production Company, the building of the derrick, and completion and approval thereof on the 9th day of April, 1932.

We have thoroughly examined the testimony in this case and are of the opinion that the findings of the trial court, that the defendants did not with reasonable diligence develop said lease, is not supported by the evidence.

The express provisions of the contract to commence the drilling of a well within 90 days from the date thereof were by the parties to the contract waived when the oil and gas lease was withdrawn from escrow and delivered to the defendants Weston and Smith, and the plaintiff was thereafter estopped from complaining of any act occurring prior to the delivery of the oil and gas lease to the defendants on the 26th day of February, 1932. The record discloses that thereafter the defendants did proceed to diligently develop said lease by building thereon an expensive derrick and doing other improvements, and by securing the approval of the derrick by the Corporation Commission. As to the necessity of securing the approval of the Corporation Commission, we express no opinion. We cannot say that the expiration of ten days thereafter would constitute a failure to diligently prosecute drilling operations.

From all of the testimony, it seems that the plaintiff had full knowledge of the progress of the work, and made no complaint or gave any notice that the terms of the lease and its implied covenants were being violated.

The plaintiff in error, M. T. Smith, in his brief submits the case on one proposition, to wit:

"That no demand or notice had been served on any of the lessees or defendants prior to the commencement of the action requiring them to comply with the implied covenants of the lease, and therefore plaintiff could not demand a forfeiture."

We believe this to be the law of this state, well settled by judicial construction. (Papoose Oil Co. v. Rainey, 89 Okla. 110, 213 P. 882; Utilities Production Corporation v. Riddle, 161 Okla. 99, 16 P. (2d) 1092; Farmers Mutual Oil Leasing Co. v. Bonneau, 110 Okla. 168, 237 P. 83; Wapa Oil & Development Co. v. McBride, 84 Okla. 184, 201 P. 984.)

The transaction of February 26, 1932, by which the oil lease was taken out of escrow and delivered to the defendants, was a waiver of the express covenant of the lease to commence drilling within 90 days from the date thereof, and was a waiver of all acts of forfeiture, if any, occurring prior thereto. The defendants then had the right to commence drilling operations during the term of the lease at their option. This lease was thereafter a "commence" lease for a period of one year from the date thereof.

The interests of the parties to this transaction have apparently changed since the filing of this action. We find as defendants in error, the plaintiff, Clara M. Tull, and the defendants Gulf Production Company and W. B. Weston, joining in a brief, asking the affirmance of this judgment. The plaintiff in error, M. T. Smith, appears in this court by attorneys not of record in the trial court. Neither the record nor the briefs in the cause disclose to us the present situation in regard to the lease or the ownership thereof. The defendants in error in their brief now say that this appeal is "moot," and ask for the dismissal of the appeal upon the ground that the term of the lease has now expired.

Having arrived at the conclusion that the lower court was in error in rendering its judgment in this case, we think it for the best interest of all parties, and that equity and justice demand, that this cause be reversed and remanded to the trial court, with directions to set aside the judgment and to permit such further proceedings as equity and justice will warrant not inconsistent with this opinion.

The judgment of the trial court is reversed, and the cause remanded to the district court of Oklahoma county, Okla.

The Supreme Court acknowledges the aid of Attorneys Wm. L. Cheatham, Lawrence L. Jones, and Fletcher M. Johnson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cheatham and

approved by Mr. Jones and Mr. Johnson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.