Clay BROWN, Ed Brown, Lillian Brown, Maggie Brown Baldwin, and J. A. Baldwin, Jr., Plaintiffs in Error,

v.

Will SHAFER and Mary E. Shafer, Defendants in Error.

No. 37722.

Supreme Court of Oklahoma.

March 4, 1958.

Rehearing Denied May 13, 1958.

As Amended May 14, 1958.

Application for Leave to File Second Petition for Rehearing Denied May 27, 1958.

Porter & Porter, Muskogee, for plaintiffs in error.

Earl Youree, Wagoner, for defendants in error.

WELCH, Chief Justice.

Parties will be referred to herein as they appeared in trial court.

Plaintiffs owned a tract of land consisting of 203.75 acres in Wagoner County, Oklahoma, which they leased for oil and gas to Clay Brown on June 26, 1952, for a term of one year from date, and as long thereafter as oil or gas or either of them be produced from said land. Through various intermediate assignments the other defendants named herein also became part owners of the lessee interest.

April 2, 1956, this action was filed by plaintiffs, alleging that defendants had forfeited their rights to said lease by failing, neglecting and refusing to diligently develop and operate said lease, and prayed that the court adjudge lease to be cancelled and forfeited. Defendants answered generally denying allegations of plaintiffs, and alleged that two wells were drilled on said land within the term of said lease, the first one being now exhausted, and the second one being yet producing and being pumped by defendants; that plaintiffs' petition is the first and only notice received by defendants, and that defendants have at all times met the requirements of a prudent operator.

On July 14, 1956, trial was had by the district court of Wagoner County, resulting in judgment for plaintiffs cancelling said lease. Defendants have appealed.

■ It is first contended by defendants that error was committed by the trial court in granting plaintiffs' judgment forfeiting and cancelling said lease in spite of the fact that plaintiffs failed to plead and prove that they gave each of the defendants the prerequisite notice and demand to further properly develop and operate in compliance with the implied covenants of said lease, together with a reasonable length of time in which to comply therewith before forfeiture.

Two cases are cited by defendants in their brief in support of their contention;

Kunc v. Harper-Turner Oil Co., Okl., 297 P.2d 371, 377, and Gypsy Oil Co. v. Champlin, 163 Okl. 226, 22 P.2d 102, 103. In the Harper-Turner case, supra, the plaintiff notified defendant it had forfeited, allowed to lapse and abandoned the lease, and demanded that it be released for record, and that any entry or operation upon the land would constitute a trespass, and that the plaintiff would seek recovery of damages arising therefrom. The court held this was insufficient notice and said:

"This notice certainly does not constitute notice to further develop, but in fact forbids any further effort in that direction."

The Champlin case, supra, held that notice was insufficient, where a letter was mailed to the lessee notifying it that the lease was terminated for "want of operation" and demanding a release.

Neither of the above cases give any support to the contention that each of defendants should be given notice. These cases have no application here for the reason that in each one the lessor was not requesting lessee to further develop, but was notifying lessee that he was taking the position lessee was no longer entitled under the lease to develop. Here the record clearly reveals that the plaintiffs were urging and insisting upon further development from time of completion of second well, and that in November, 1955, lessee was told by plaintiff, "you aren't getting any oil out there and if you don't do something about it I'm going to bring a suit," and similar statements were made at various times by plaintiff to defendants up to the time immediately prior to filing this action.

While apparently there was no direct demand to further develop said lease or surrender the same, made on defendants by plaintiffs, we are of the opinion that the evidence is sufficient to clearly show that defendants had been notified that plaintiffs desired additional development, that such notice was sufficient and of such nature and in ample time prior to filing action, to give defendants an opportunity to

further develop lease and avoid cancellation. Colpitt v. Tull, 204 Okl. 289, 228 P.2d 1000.

The record reveals that one well was drilled in the latter part of 1952, and another in the early part of 1953, the only oil sold from lease between date of lease and time of trial was 48.85 barrels, total value $126.58, December 17, 1954, and 58.77 barrels total value $150.61, March 26, 1956. This, under circumstances of admission by defendants that "we've been pumping those wells for over a year and a half when it didn't pay to pump them," is insufficient to be considered as production in paying quantities.. The term "produced" as in this lease, is interpreted by our courts to mean "produced in paying quantities." Gypsy Oil Co. v. Marsh, 121 Okl. 135, 248 P. 329, 333, 48 A.L.R. 876.

Where oil and gas lease is executed for a given term and as long thereafter as oil and gas is produced from the leased premises, if the lessee at any time subsequent to the expiration of the given term, fails to produce oil or gas in paying quantities, except where production may be lessened by reason of a bona fide attempt to increase the same in existing wells, the lease will expire by its own terms. Woodruff v. Brady, 181 Okl. 105, 72 P.2d 709, 113 A.L.R. 391; Anthis v. Sullivan Oil & Gas Co., 83 Okl. 86, 203 P. 187.

Defendants next contend that error was committed by trial court in cancelling said lease in spite of the fact that defendants were under the circumstances diligently producing and working said lease.

The only evidence of record of any action on part of defendants was to the effect that they had an electric time pump on one well to keep water pumped off of oil sand. Defendants have cited no authorities in their brief to support contention. We can see no merit in this argument.

This being an action of equitable cognizance we have reviewed the entire record and find from such review that the judgment of the trial court is sustained by the evidence.

The judgment is affirmed.

746

,DAVISON, HALLEY, JOHNSON, JACKSON and CARLILE, JJ., concur.

`CORN, V. C. J., and WILLIAMS and BLACKBIRD, JJ., dissent.