Mrs. Aphia F. LYONS, Plaintiff in Error,

v.

R. B. ROBSON and Omar Robson, Defendants in Error.

No. 37951.

Supreme Court of Oklahoma.

Oct. 7, 1958.

Smith, Inglish & Gray, Okmulgee, for plaintiff in error.

Harland A. Carter, Okmulgee, for defendants in error.

CARLILE, Justice.

This action was brought by R. B. Robson and Omar Robson, hereinafter called plaintiffs, to cancel an oil and gas lease on the following described property:

North Half (N½) Southwest Quarter (SW¼) and North Half (N½) Southeast Quarter (SE¼) Southwest Quarter (SW¼) and Southwest Quarter (SW¼) of the Southwest Quarter (SW¼) of Section 17 and North Half (N½) of the Northwest Quarter (NW¼) of the Northwest Quarter (NW¼) of Section 20, all in Township Eleven, North (T 11N),

Range Twelve East (R12E), Okmulgee County, Oklahoma, which land includes lands of these plaintiffs hereinabove described.

The trial court entered a judgment against Mrs. Aphia F. Lyons, hereinafter called defendant, cancelling the lease and defendant appeals.

The land described in the petition of plaintiffs is 75 acres contained in oil and gas leases on 180 acres of land. The original leases were given to M. C. French and the defendant, the daughter, acquired them in due course. There was no production on this entire 180 acres of land except one well apparently in the northwest corner of the acreage. The location of this producing well is not otherwise definitely fixed. It is producing less than one-half barrel of oil per day. Sometime prior to April 10, 1940, 55 acres of this land situated in Section 17 had been sold to one other than the owner who executed the leases on the 180 acres. On that day and on May 13, 1940, this 55 acres was sold by the county to Rufus Crabtree. The testimony is that the county acquired this 55 acres by due process after advertisement and sale for delinquent taxes. Rufus Crabtree conveyed the land to plaintiffs. The 20 acres in Section 20 was acquired in a special deed and this 20 acres so far as the record discloses had never been sold for taxes.

It is first argued that the court erred in its judgment wherein it stated that plaintiffs acquired a title free from the lease as to the 55 acres sold for taxes. Defendant insists that the production on the original 180 acres and the payment of the gross production taxes saves the oil and gas property in whole from sale for taxes; while plaintiffs argue that this land was long ago severed from the lease and plaintiffs never have received either rentals or shared in the production. This point is not otherwise briefed by either party. While we think there is merit in the contention of plaintiffs we do not decide the case on this issue or determine the point in dispute.

Defendant next argues the evidence is wholly insufficient to support the judgment of the trial court cancelling the lease for failure to develop after the original well. This argument attacks the sufficiency of the evidence as to the notice by plaintiffs to the defendant to develop under the implied covenants of the leases and the sufficiency of the evidence as to the duty to drill other wells.

The plaintiffs gave two notices to defendant. The first was under the date of August 10, 1956, and the other was given on August 30, 1956. The notice of August 10th did not demand further production. The notice of August 30th demanded the commencement of drilling within fifteen days. No attempt was made to comply with the direction of the letter of August 30th. This action was filed October 15, 1956. Defendant introduced in evidence certain instruments relating to a proposed method of secondary production, or water flooding. No well was commenced in which plaintiffs would share. Defendant explains the failure to include plaintiffs in the last option or agreement by a statement that the present action clouded the title of the 75 acres so that the land of plaintiffs could not be included.

Defendant cites a number of cases on the proposition of the sufficiency of the evidence to sustain a finding of failure to develop and also upon the sufficiency of the notice to develop.

In Shell Oil Co. v. Howell, 208 Okl. 598, 258 P.2d 661, it was held where the lease had two producing wells, one of which was profitable, and the assignment of the lease had been made fifteen months prior to the bringing of the action, there had not been an unreasonable length of time since the last development.

In Smith v. Tull, 171 Okl. 475, 43 P.2d 84, there was no production. The original agreement was to drill within ninety days from the inception of the lease. The ninety days expired before delivery of the lease and lessor attempted to enforce its original terms.

On the question of notice the rule applied is that what constitutes a reasonable notice is a question of fact to be determined from the circumstances of each case.

In Brown v. Shafer, Okl., 325 P.2d 743, it was held that no particular form of notice to further develop is required. Written notice is not necessary.

We are convinced that the action of the plaintiffs in the present case made it known to the defendant that it was the desire of plaintiffs that defendant either release the property or further develop.

It has been held that where there has been an unreasonable length of time between the last well drilled and an action to have the lease cancelled for failure to further develop the lessor does not have the burden of proving that other well or wells would be profitable. Doss Oil Royalty Co. v. Texas Co., 192 Okl. 359, 137 P.2d 934; Magnolia Petroleum Co. v. Rockhold, 192 Okl. 628, 138 P.2d 809; Kunc v. Harper-Turner Oil Co., Okl., 297 P.2d 371.

In Trawick v. Castleberry, Okl., 275 P. 2d 292, 295, it is stated:

"* * * Plaintiffs do not cite authority for their contention that it was not necessary for them to prove drainage, but they cite Colpitt v. Tull, 204 Okl. 289, 228 P.2d 1000 to the effect that

"'Where there has been an unreasonable delay in drilling additional wells on oil and gas lease, plaintiffs seeking cancellation of lease for nondevelopment are not required to prove the additional wells would have been profitable.' (Editor's syllabus.)

"This principle of law was fully discussed in Doss Oil Royalty Company v. Texas Company, 192 Okl. 359, 137 P.2d 934, also cited by plaintiffs. It was further clarified in Magnolia Petroleum Co. v. Rockhold, 192 Okl.

628, 138 P.2d 809, 810, wherein this court said:

"'Where production is obtained during the primary term of a lease, and it is disclosed that the lessee has failed and refused to fully develop the leasehold within a reasonable length of time and there has been unreasonable delay in development of a prima facie case is made in an action by the lessor to cancel the undeveloped portions thereof *and the burden is upon the defendant lessee to show that the lease has been developed in the manner reasonably to be expected of an operator of ordinary prudence.'* (Emphasis supplied.)"

Upon a review of all the evidence we find it sufficient both to establish that a reasonable notice was given to the defendant by the plaintiffs to further produce and that the evidence is sufficient to support the judgment of the trial court in ordering a cancellation of the oil and gas mining lease.

Defendant also argued that the trial court erred in excluding certain evidence offered to establish that a paying well could not be drilled on this 75 acres; that the trial court should have allowed the defendant to introduce evidence of the amount produced in nearby wells on other leases. Some of this evidence was received and on objection to this line of evidence some was excluded. Defendant was able to disclose there were nineteen wells drilled on her other properties, sixteen of which were pumping; that certain off-sets had been drilled and other wells were drilled but not producing. A map was introduced showing the producing wells on her other properties. She was allowed to testify fully about her options for secondary production or water flooding. We have examined the evidence offered on this point and find no prejudicial error in the ruling of the trial court.

Judgment affirmed.